Gridley, J.
— The principle of this case is entirely covered by the doctrine established in Truscott v. King (ante 147), decided in this court, at the present term. It appears, that the original mortgage was long since paid up and extinguished, and though, it is probable, that the defendant relied on the assignment of the mortgage to him as security for such indorsements as he should make for the mortgagor, I do not find evidence of any explicit agreement between him and the mortgagor, Smith, that, after it was satisfied, it should be revived, and stand as security for such indorsements. And if there was evidence of such an agreement, it would not have the effect *423 to revive the mortgage, under the decision in Truscott v. King. The judgment must, therefore, be affirmed.
Judgment affirmed.[1]

 See Champney v. Coope, 32 N. Y. 543 ; Hubbell v. Blakeslee, 71 Ibid. 63.