## WAHL v. PHILLIPS.

1. MORTGAGE: FORECLOSURE AFTER JUDGMENT. The mortgagee may proceed in equity against the mortgagor and other incumbrancers of mortgaged property, to determine the priority and amount of such incumbrances, and to foreclose the mortgage, after recovering a judgment in an action at law, on the note secured by the mortgage. *Semble*, That when there are no other incumbrances the mortgagee must abide by his judgment at law. Code of 1851, §§ 1210, 1286-7, construed.

*Appeal from Delaware District Court.*

WEDNESDAY, JUNE 12.

PLAINTIFF held the note of defendant, secured by a mortgage. In April, 1859, he obtained a judgment at law on this note, and subsequently, in July of that year, filed his bill to foreclose the mortgage. His petition recites the note, the mortgage, the judgment obtained thereon, avers that this judgment remains unpaid, and asks a decree of foreclosure. To this bill he makes Phillips and certain incumbrancers parties. Phillips demurred for the reason that the court had no jurisdiction, and on the further ground that the petition failed to show a right to equitable relief. This demurrer was sustained. The incumbrances held by the co-respondents were subsequent to the mortgage of complain-

ant, but whether prior or subsequent to the judgment at law does not appear. Complainant appeals.

*O'Neill* and *Harvey* for the appellant.

*House, Brayton & Wattson* for the appellee.

WRIGHT, J.—The question made is, whether in this State a mortgagee can bring his bill to foreclose, after having taken a judgment at law on the note or debt secured by the mortgage? Our conclusion is, that under the facts disclosed in this bill, the judgment at law was no bar to the foreclosure proceedings.

Guided by what we understand to be the spirit and policy of the statute, as indicated by §§ 1210 and 2086–7, we incline to the opinion that if there are no incumbrancers, or parties in interest, other than the mortgagor and mortgagee, the mortgagee, if he elects to proceed upon his bond or note, he must abide by that election, and would not, after judgment thereon, be allowed to foreclose in equity. In this case, however, it appears, that with the mortgagor several other persons who, it is shown, hold judgment and mortgage liens, were made parties. Notwithstanding the judgment, complainant had a right to proceed in equity to settle the question of these several liens, before proceeding to the sale of the property. Such a proceeding is familiar and well recognized in equity jurisprudence, and is based upon principles peculiar to the jurisdiction. All the parties being before the tribunal, it is eminently the province of the chancellor, under proper pleadings and proofs, to determine their respective claims, and so enter his decree as to give to each his rights. True it is declared by the statute, that if judgment is obtained on the note, the mortgaged property may be sold on the execution issued thereon, and that this judgment shall be a lien on such property from the date of the recording of the mortgage. But here is a question of priority of liens, and of their respective amounts. Clearly it is the right of the

party claiming to hold the first lien, to have this question determined before he proceeds to enforce his judgment. And to this proceeding the mortgagor is a proper party. He may contest the existence of the mortgage, the amount claimed by the petitioner to be due, may show payment or satisfaction of the debt, and indeed in any view that may be taken of it, stands in such a position that of all others, in most cases, he is most interested in defeating the relief sought.

We conclude therefore that the demurrer should have been overruled. What order should be made as to the costs, between mortgagor and mortgagee, on the final hearing of the cause, is not now before us. That some taxation, equitable in its nature, in view of complainants two suits, might and should be made, we entertain no doubt.

Reversed.