The State of Iowa for the use of the School Fund v. Lake *et al.*

1. Judgment ON MORTGAGE DEBT: DATE OF LIEN. As between the parties, a judgment at law upon a note secured by mortgage is a lien from the date of the recording of the mortgage.

2. —— AS TO THIRD PARTIES. A judgment on a note secured by mortgage does not attach as a lien upon the mortgaged premises, unless the property is described and it is so ordered on the face of the judgment.

3. —— AS TO JUNIOR MORTGAGE. Where a senior mortgage recovered a judgment at law on the note secured by the mortgage, in which the mortgaged premises were not mentioned, it was *Held*, that as to a junior mortgage the judgment was a lien only from the date of its rendition.

4. Mortgage: MERGER. The merger of the note into a judgment at law thereon, does not extinguish the lien of the mortgage executed to secure

the payment of the same. The mortgage can be extinguished only by a payment of the debt.

5. —— EXTINGUISHMENT BY SALE. When, at a sale under a judgment at law, on a note secured by mortgage, the mortgagee became the purchaser for the amount of his debt, it was *Held*, that the mortgage lien was thereby extinguished.

6. —— MISTAKE. A different rule would apply if the purchase was made under a mistake of fact, or in ignorance of the fact that junior incumbrances existed.

*Appeal from Johnson District Court.*

MONDAY, OCTOBER 17.

THIS suit is brought to foreclose a mortgage upon certain lots in Iowa City, made by Elijah W. Lake and Susannah Lake, his wife, to Daniel Gillis, to secure one thousand dollars. The mortgage was made November 5th, 1855, and duly recorded ; it commenced in the usual form, " that we, Elijah W. Lake and Susannah Lake, his wife, of &c.," and concluded with a general warranty and relinquishment of dower by the wife. This note and mortgage were assigned before due, by Gillis to James D. Eads, with the knowledge and consent of the mortgagors, who agreed to pay Eads twenty-five per cent per annum, for an extension of time for one year, which was agreed to. Eads afterwards assigned the note and mortgage to the State of Iowa, for the use of the school fund of the State. On the 15th day of June, 1853, the same parties executed a prior mortgage upon the same property, to one Matthew Johnson, to secure about two thousand dollars. Johnson brought suit on the notes secured by his mortgage (but made no mention of the mortgage in his petition, or elsewhere in that case) ; and recovered judgment thereon, October 14th, 1856. Execution was issued on the judgment, and levied upon the mortgaged property, which was struck off to Johnson for the amount of his debt, and deed made therefor, after

one year, to wit, September 13th, 1858. On the same day Johnson sold and conveyed the property to Susannah Lake, and also assigned the mortgage to her, under which, by cross-petition, she claims a paramount lien, and that plaintiff must redeem from her. The cause was referred to a referee, who found the facts, and reported the same, together with his conclusion, that plaintiff was entitled to judgment of foreclosure for the amount of the note, and the school fund of Johnson county to the ten per cent penalty for usury, and plaintiff to pay costs. The District Court entered judgment accordingly, from which Susannah Lake alone appeals.

*Edmonds & Ransom* for appellant.

*Rush Clark* and *J. Tracy* for appellee.

COLE, J. — The main proposition relied upon by the appellant's counsel, is that a mortgagee who has obtained

1. JUDG-
MENT ON
MORTGAGE
DEBT:
date of lien.

a judgment at law, without reference to his mortgage, upon the notes secured thereby, and without any accident, mistake, ignorance of fact, or his rights, purchased the mortgaged property under general execution on such judgment for the full amount of his debt, can afterwards foreclose as against a second mortgagee, whose lien is subsequent to the recording of the first mortgage, but prior to the rendition of the judgment. If such mortgagee cannot thus foreclose, then the judgment in this case must be affirmed. Our statute has provided for two modes of proceeding whereby to enforce payment of a mortgage debt; one by civil action to foreclose the mortgage, wherein the mortgagee is entitled to an order for the sale of the mortgaged property, and his lien will date from the record of the mortgage. Revision, §§ 3660 and 3661. The other, by action on the bond or note secured by the mortgage, in which case the mortgaged pro-

perty may be sold on execution issued on the judgment therein, and it is declared that such "judgment shall be a lien thereon from the date of the recording of the mortgage." Revision, § 3664. If separate suits are brought on the bond or note, and on the mortgage given to secure it, the plaintiff must elect which to prosecute, and the other will be discontinued at his costs. Rev., § 3663. These different modes are designed to afford the same ultimate remedy, to wit, the enforcement of the payment of the mortgage debt. But different legal rights attach in the progress of the two proceedings, and a party may select which he pleases, and after having made his election, it will be presumed that he did so in view of preferring the legal rights which attach to the mode adopted by him. *State Bank* v. *Wilson et al.*, 4 Gilm., 62. In the case of *Redfield* v. *Hart*, 12 Iowa, 355, it was held by this court, per BALDWIN, J., that in a suit, in the second manner above specified, upon the note secured by mortgage, "a mere judgment, as against a third person not a party to the proceedings, is only a lien from the date of its rendition; and in order to cause the lien to relate back, there must be some order of the court enforcing such lien. The property mortgaged must be specified in the judgment, and a special execution directed against such property, in order to give it any more effect than an ordinary judgment." In the case of *Christy* v. *Dyer*, 14 Iowa, 438, it was held by this court, per WRIGHT, J., "that the statute gives a party the privilege to sue upon the note, instead of proceeding to foreclose the mortgage. In such a case, the mortgaged property may be sold, and the lien of the judgment attaches from the date of recording the mortgage, §§ 2086 and 2087 of Code of 1850, (the same as Revision, §§ 3663 and 3664, *supra*).

The case of *Redfield* v. *Hart*, 12 Iowa, 355, recognizes the rule, that before such a judgment lien can relate back

*as to third persons*, the property must be described in the same, and a special execution directed to issue. Not so, however, as between the parties." The rule of construction of the statute is therefore settled, and it is unnecessary to inquire as to the considerations which led to such construction. But it is apparent that it is correctly settled, from a single reason. If a judgment, which is, by statute, to take effect as a lien upon the defendant's real estate from the date of its rendition (Rev., § 4105), is, under any circumstances, to operate as a lien prior to that time, it should, in order to affect third parties, contain on its face satisfactory evidence that it did so operate; while as to the defendant himself it is unnecessary, since he is charged with notice, and must have actual knowledge of the facts, outside of the judgment itself which give to it that operation.

The judgment itself, then, upon the notes secured by the mortgage to Johnson, inasmuch as neither it nor the papers in the case contain any reference to the mortgage, was, as to the second mortgagees, a lien only from the date of its rendition. But, although the judgment itself was not, as to the second mortgagees, a lien, prior to the date of its rendition, yet it by no means follows that the mortgage lien was extinguished by the merger of the note into the judgment. On the contrary, the mortgage lien remains until the debt is satisfied, and is not affected by a change of the note, or giving a different instrument evidencing the debt, or by a judgment merging the original evidence of indebtedness. *Dunham* v. *Dey*, 15 Johns., 555; *Brinkerhoff* v. *Lansing*, 4 Johns. Ch., 65; *Bank of Utica* v. *Finch*, 3 Barb. Ch., 293; *Wahl* v. *Phillips et al.*, 12 Iowa, 81; *Dana* v. *Binney*, 7 Verm., 501; *Pomroy* v. *Rice*, 16 Pick., 22. In this case, however, the senior mortgagee, Johnson, proceeded to sell the mortgaged property under a general execution issued upon his judgment; and it is clear that

3. — As to junior mortgagee.

4. MORTGAGE: merger.

5. — Extinguishment by sale.

the purchaser under the execution could not, in this case, acquire a greater or better title than that upon which the judgment itself was a lien. The purchaser under the execution, therefore, acquired all the title which the judgment debtor, Elijah W. Lake, had at the date of the rendition of the judgment against him. He conveyed that title, and no more, to Susannah Lake, by his deed of even date with the sheriff's deed to him. Since the judgment was rendered subsequent to the recording of the plaintiff's mortgage, the title acquired under the judgment must be subject to the mortgage, and it therefore follows, that by virtue of the conveyance alone to her, Susannah Lake did not acquire a title paramount to the plaintiff's mortgage, but subject thereto. But the appellant not only took a conveyance of the legal title, derived under the judgment and execution sale, but she also took an assignment of the senior mortgage from Johnson; and she now claims, by her cross-petition, the foreclosure of that mortgage, or, at least, that it shall be held paramount to the plaintiff's, and that plaintiff shall be compelled to redeem.

The appellant's counsel rely upon the case of *Patterson* v. *Linder et al.*, 14 Iowa, 415. That case was where a vendor of real estate, retaining the legal title, executed his bond to convey, upon the payment of the purchase-money, two-thirds of which was actually paid, and judgment was recovered against the vendee for the other third, and the property sold thereunder to the vendor. A creditor, who had obtained judgment against the vendee, after the sale of the real estate to him, and before the judgment by the vendor for the unpaid purchase-money, had also subjected the property to sale under his execution and bought it in. The vendor brought suit to foreclose the equity of the creditor, and the action was maintained, on the ground that the creditor only purchased the equity which the vendee held, and that was, a right to the legal title upon the pay-

ment of the unpaid purchase-money; that the creditor's execution debtor, the vendee, never had the legal title, and therefore the purchaser under the execution could not acquire it. The vendor having retained the legal title, only sold the equity of the vendee, and that equity being subject to the interest of the creditor acquired by his purchase, it was held that such creditor was entitled to redeem, which was all the right he had purchased. But it was expressly stated in that case, that "it is not to be denied that when a debt is once satisfied, all the incidents of the debt, *including a right to foreclose a mortgage given to secure the same,* are extinguished." The difference between that case and this, is essential in principle as well as in detail. In this case, the senior mortgagee, by the sale and purchase of the mortgaged property under his judgment, received full payment of his debt, that being the amount of his bid, before the assignment to appellant. He made his election as to which of the two remedies, under the statute, he would adopt, and under that election he obtained his judgment at law, and with a full knowledge of all the facts, and charged with knowledge of the law, he made the sale and purchased the property under the judgment, and gave for the title he would acquire thereunder, the full amount of the mortgage debt, whereby such debt became in fact satisfied, and no right of subrogation to the original, under such circumstances, can exist in favor of such mortgagee or his assignee. It is clearly within the letter of the decision, in the case of *Patterson* v. *Linder, supra,* and within the spirit of the law. See also *Harrison* v. *Eldridge,* 2 Halsted's Law Rep., 392 and 409; *Waller* v. *Tate,* 4 Ben. Monr., 529; *Hill* v. *Smith,* 2 McLean's C. C. Rep., 446; *Wilhelmi* v. *Leonard,* 13 Iowa, 330. If the defendant could show that such mortgagee, at the time of his purchase, was induced to make it under a **6.** mistake of fact, or in ignorance of junior incum-**Mistake.** brances, or other substantial equity, a different rule

would doubtless apply. In the case of *Banta* v. *Ganno*, 1 Sandf. Ch., 383, B. advanced money to A. to pay up a mortgage, and took a new mortgage, and the first mortgage was paid, but satisfaction was not entered of record. In his search for liens, B. had overlooked a judgment against A., which had been satisfied by a sale of the premises, and it was *held* that he could not acquire priority over the judgment by subrogation to the mortgage which had been paid, for that mortgage had been satisfied in fact, and thereby absolutely extinguished. See also *Marvin* v. *Vedder*, 5 Cow., 671; *Mead* v. *York*, 6 N. Y., 449; *State Bank* v. *Wilson et al.*, 4 Gilm., 57–62. After the sale of the mortgaged property under the judgment, and the conveyance of it to Susannah Lake, the attorney for the judgment plaintiff entered satisfaction of the mortgage upon the margin of the record, and his authority to make such satisfaction, which was claimed by reason of his being attorney in the case, is now questioned. The mortgage was assigned by one James Johnson, as attorney in fact for the mortgagee, Matthew Johnson, under a power of attorney, authorizing him to convey the property mortgaged and collect debts generally, and his authority to make such assignment is now also questioned.

It is also insisted by appellee's counsel, that the appellant, Susannah Lake, having joined her husband, E. W. Lake, in the granting part of the mortgage to plaintiff, as well as in the relinquishment of dower and covenants of warranty, that any title subsequently acquired by her, inures to the benefit of plaintiff, and estops her from claiming, under such subsequently acquired title as against the plaintiff. (No appeal is taken, or question made by either party, as to the correctness of the ruling of the court below, on the subject of usury, and hence, that matter is not before us.)

But, if we should even hold (which we do not, for

we do not pass upon the questions), that the attorney-at-law had no authority to enter satisfaction, and that the attorney, in fact, had authority to make the assignment, and that the appellant, being a married woman, a title afterwards acquired by her in her separate right, did not inure to the benefit of the mortgagee, yet, on the main point in the case, and for the reasons given, we must hold that the judgment of the District Court stand

Affirmed.