HENRY A. BOGERT, as Trustee, etc., Plaintiff, v. GEORGE BLISS, Respondent, and FRANCIS B. ROBERT, Appellant, Impleaded with ELSWORTH L. STRIKER et al., Defendants.

1. MORTGAGE — REVIVER AFTER PAYMENT. A person, who has at the time notice that a real estate mortgage has been paid by the mortgagor in the usual course, cannot, by a verbal arrangement between himself and the mortgagor, give the extinct mortgage vitality again as security for a new loan, so as to give it priority over a subsequent conveyance or mortgage.

2. STATUTE OF FRAUDS. The re-issue of a real estate mortgage, which has been extinguished by payment, is in substance the creation of a new

mortgage, and is subject to the requirement of writing imposed by the Statute of Frauds.

3. RE-ISSUED MORTGAGE — NOTICE. A party taking from a mortgagor a re-issued mortgage has notice which should put him upon inquiry, and he takes at the peril that it has in fact been paid.

4. PAID MORTGAGE — ASSIGNMENT — PRIORITY. When a person, having knowledge that a past-due mortgage has in fact been paid by the mortgagor, although not canceled of record, takes it from the mortgagor as security for a loan made at the time, under a verbal agreement that an assignment shall be obtained from the mortgagee, he at most obtains a right in equity, enforceable by an equitable action, which does not entitle him to a preference over one who, before the promised assignment is obtained, takes a legal mortgage on the same premises, with constructive knowledge of the prior mortgage, but without notice of the agreement in reference thereto. And *it seems* that the taker of the paid mortgage would not be entitled to preference in case he received an actual assignment thereof before the giving of the subsequent mortgage instead of thereafter.

5. RE-ISSUE OF PAID MORTGAGE. A mortgage which has been paid by the mortgagor, and not intended to be kept alive at the time of payment, cannot be thereafter re-issued by him to secure another loan, made by a party cognizant of the fact, so as to give it validity as against a subsequent purchaser or mortgagee.

*Kellogg* v. *Ames* (41 N. Y. 259) and *Coles* v. *Appleby* (87 N. Y. 114), distinguished.

Reported below, 13 Misc. Rep. 72.

(Argued January 6, 1896; decided January 14, 1896.)

APPEAL from order of the General Term of the Court of Common Pleas for the city and county of New York, made June 3, 1895, which reversed an order of Special Term confirming the report of a referee in proceedings for the distribution of surplus moneys arising from the sale of mortgaged premises in an action of foreclosure, modified and confirmed as modified said report, by finding that the equities of the claimant Bliss were superior to those of the claimant Robert; that the lien of the deed or mortgage to the claimant Bliss was superior to any claim of the claimant Robert, and that the defendant Bliss was entitled to payment out of the surplus moneys, the balance, if any, to be paid to the defendant Robert.

The facts, so far as material, are stated in the opinion.

*Abram I. Elkus* and *Edward C. James* for appellant. The mortgage of Striker to Weil, and assigned to Robert, is still in full force and effect. (*Kellogg* v. *Ames*, 41 N. Y. 259; *Lawrence* v. *Brown*, 5 N. Y. 394; *Dezell* v. *Odell*, 3 Hill, 221; *Purser* v. *Anderson*, 4 Edw. Ch. 18; *Graves* v. *Mumford*, 26 Barb. 94; *Champney* v. *Coope*, 32 N. Y. 543; *Bogert* v. *Striker*, 11 Misc. Rep. 88; *Allison* v. *Schmitz*, 98 N. Y. 657, 658; *Russell* v. *Nelson*, 99 N. Y. 119; *Coles* v. *Appleby*, 87 N. Y. 114; *Cady* v. *Bank*, 113 N. Y. 657; *Houseman* v. *Bodine*, 122 N. Y. 158; *Hoys* v. *Bramhall*, 19 N. J. Eq. 563; *Hubbell* v. *Blakeslee*, 71 N. Y. 63; Jones on Mort. §§ 944, 947, 948; *Warner* v. *Blakeman*, 36 Barb. 501; *Starr* v. *Ellis*, 6 Johns. Ch. 393; *Clift* v. *White*, 12 N. Y. 519.) That the assignment from Weil to Robert was not recorded at the time Bliss took his first deed from Striker is entirely immaterial. (*Curtis* v. *Moore*, 10 Misc. Rep. 341; *Purdy* v. *Huntington*, 42 N. Y. 334; *Miller* v. *Lindsey*, 19 Hun, 207.) Robert is entitled to his lien upon the surplus, because he has an equitable mortgage upon the same. (Jones on Mort. [5th ed.] 16; Story's Eq. Juris. § 1231; *Sprague* v. *Cochran*, 144 N. Y. 104, 112.) The respondent Bliss has no equities in his favor. (Jones on Mort. [5th ed.] 162; *Purser* v. *Anderson*, 4 Edw. Ch. 18; *Kellogg* v. *Ames*, 41 N. Y. 259.) The findings of the referee on the questions of fact cannot be disturbed. (*Baird* v. *Mayor*, 96 N. Y. 567; *Lowery* v. *Erskine*, 113 N. Y. 52, 55; *Aldridge* v. *Aldridge*, 120 N. Y. 614, 617; *Devlin* v. *Greenwich Bank*, 125 N. Y. 756; *P. I. Co.* v. *Hopatcong*, 127 N. Y. 206; *Barnard* v. *Gantz*, 140 N. Y. 249, 253.)

*George Bliss*, respondent, in person. By the express terms of the mortgage the payment of the money for which it was given as security rendered it void and of no effect. (Hilliard on Mort. [4th ed.] 473; 1 Jones on Mort. [5th ed.] § 934; *McGiven* v. *Wheelock*, 7 Barb. 22; *Mead* v. *York*, 6 N. Y. 449; *Champney* v. *Coope*, 34 Barb. 539; *Cameron* v. *Irwin*, 5 Hill, 276; *Fitch* v. *Cotheal*, 2 Sandf. Ch. 29.) From the

mere act of payment of a debt secured by a mortgage, and in the absence of anything else, there is a presumption that the act was to have its ordinary legal effect and extinguish the mortgage. (*Herbert* v. *Vanderbilt*, 20 N. Y. 395 ; *Champney* v. *Coope*, 32 N. Y. 543 ; *Mickles* v. *Townsend*, 18 N. Y. 582; *Truscott* v. *King*, 6 N. Y. 147 ; *Mead* v. *York*, 6 N. Y. 449.) The question here is, what was the intent when Striker paid his debt to Weil ? Clearly the legal presumption is that it was intended the act should have its natural legal effect and extinguish the mortgage, and this legal presumption is sustained by all the testimony as to what occurred at the time. (*Kellogg* v. *Ames*, 41 N. Y. 259 ; *Coles* v. *Appleby*, 87 N. Y. 114.) If the case is considered as one of conflicting equities, then the decision must be affirmed. The legal rule is that whatever extinguishes the debt as a general proposition puts an end to the mortgage. (1 Jones on Mort. [5th ed.] § 943 ; Hilliard on Mort. [4th ed.] 473 ; *McGiven* v. *Wheelock*, 7 Barb. 29.)

ANDREWS, Ch. J. The controversy relates to the disposition of surplus moneys arising on a foreclosure of a mortgage. One Robert claims a prior lien thereon as assignee of a mortgage made by the defendant Striker to one Weil, dated May 15, 1891, payable June 18, 1891, for $1,000, recorded May 18, 1891. The mortgage was paid at maturity by Striker, the mortgagor and owner of the equity of redemption, to Weil, the mortgagee, who on the same day executed and delivered to Striker a satisfaction of the mortgage, together with the bond, but the mortgage was then in the register's office and for that reason was not delivered to Striker. The mortgage was paid in usual course, and at the time of the payment there was, so far as appears, no intention on the part of Striker, and no understanding between him and the mortgagee, that the mortgage should be kept alive. Subsequently, on July 2nd, 1891, Striker applied to Robert (a partner of Weil) for a loan of $1,000, on the security of this extinguished mortgage, and the loan was made, Striker

delivering to Robert at the time the bond and the satisfaction, and stating that Weil would assign the mortgage to him. The assignment was subsequently made, but not as we infer until after the mortgage executed to Bliss, the other claimant of the surplus. The Bliss mortgage was executed by Striker to Bliss August 28th, 1891, and covered the same premises embraced in the Weil mortgage, and was given to secure a loan of $1,500 made by Bliss to Striker, but in form was an absolute deed, and was recorded November 11th, 1891. Bliss when he took his mortgage made no search of the title and had constructive notice only of the Weil mortgage. The question is whether Robert or Bliss is entitled to the surplus moneys. We think the conclusion of the General Term that Bliss is entitled to them is correct.

The Weil mortgage was extinguished by payment before Striker applied to Robert for a loan, and Robert had notice that the mortgage had been paid by Striker. Striker delivered to him the satisfaction executed by Weil, and there is no pretense that it did not represent the actual fact that Striker had paid the mortgage. What Striker undertook to do was to re-issue the mortgage and the bond to secure another loan equal to the amount of the mortgage. Robert assented to this proposition and made the loan on the faith of the proposed security. But there was no writing and no actual assignment of the mortgage until after Bliss had taken his mortgage. All that Robert had until the assignment was made was the possession of the bond and the satisfaction of the mortgage and the verbal agreement of Striker that the mortgage should be assigned.

In this state a mortgage is a lien simply, and the general principle is well settled that on payment the lien is *ipso facto* discharged and the mortgage extinguished. There are many cases where, for purposes connected with the protection of the title or the enforcement of equities, what is in form a payment of a mortgage, will be treated as a purchase, so as to preserve rights which might be jeoparded if the transaction was treated as a payment. But we know of no principle which permits

a mortgagor who has paid his mortgage and taken a satisfaction, there being at the time no equitable reason for keeping it afoot, subsequently to resuscitate and re-issue it as security for a new loan or transaction and especially where the rights of third parties are in question. It would make no difference in our view whether the re-issue of the mortgage was before or after new rights and interests had intervened. We do not speak of the position of a subsequent grantee or mortgagee having actual notice of the re-issue of a satisfied mortgage before he takes his mortgage or deed. It is possible that the circumstances of the re-issue may be such as to furnish ground for a court of equity to intervene and compel the execution of a new mortgage, to accomplish the real purpose of the parties, and notice of such circumstances to the subsequent grantee or mortgagee might, perhaps, under special conditions, subject his right to the prior equity. But the contention that a person having at the time notice that a mortgage had been paid by the mortgagor in usual course, can, by a verbal arrangement between himself and the mortgagor, give the extinct mortgage vitality again as security for a new loan, so as to give it priority over a subsequent conveyance or mortgage is not justified by the authorities in this state.

The Statute of Frauds does not permit mortgages on land to be created without writing. The re-issue of a dead mortgage, if effect is given to the transaction, is in substance the creation of a new mortgage. If this was permitted it would furnish an easy way to evade the statute. The law wisely requires that instruments by which land is conveyed or mortgaged should be executed with solemn forms, and that their existence should be made known through a system of registry so as to protect those subsequently dealing with the premises. Public policy requires that dealings with land should be certain, and that transactions affecting the title should be open, and that secret agreements should not be permitted by which third persons may be misled or deceived. It would be a convenient cloak for fraud if a mortgagor, having paid a mortgage, could retain it in his possession uncanceled of record

and re-issue it at pleasure. A party taking from a mortgagor a re-issued mortgage has notice which should put him upon inquiry, and he takes at the peril that it has in fact been paid.

In the present case, not only had the mortgage been paid before Robert made his loan, but he knew the fact from incontestable evidence. If he had received an actual assignment before Bliss had taken his mortgage, he would not, we think, have been entitled to preference. Upon the facts actually existing he had merely an agreement for an assignment, which at most created an equity enforceable by equitable action, and meanwhile Bliss had obtained a legal mortgage, having no notice of the agreement. Bliss had constructive notice of the mortgage to Weil. His mortgage was subject to that incumbrance unless the mortgage had been paid. But he did not take subject to an arrangement between Striker and Robert to revive the mortgage, the lien of which had been extinguished by payment. The case of *Mead* v. *York* (6 N. Y. 449) is a direct authority upon the question here presented. It was there held that a mortgage after being once paid by the mortgagor cannot be kept alive by a parol agreement as security for a new liability incurred for the mortgagor as against the latter's subsequent judgment creditors. (See, also, *Cameron* v. *Irwin*, 5 Hill, 272; Jones on Mortgages, sec. 943 and cases cited.)

The appellant refers to two cases upon which he particularly relies — *Kellogg* v. *Ames* (41 N. Y. 259) and *Coles* v. *Appleby* (87 id. 114). *Kellogg* v. *Ames* was an action to foreclose a mortgage which the plaintiff before maturity purchased from one Douglass, who held an assignment thereof from the mortgagees, regular in form, the plaintiff paying therefor the full amount thereof. Douglass was not a party to the instrument, and he represented to the plaintiff, at the time of the purchase by the latter, that the mortgage was a valid and subsisting security, and the plaintiff purchased in reliance thereon and took an assignment from Douglass which he placed on record. Douglass subsequently conveyed the premises to the

defendant Ames. It appeared that Douglass, after the mortgage was executed, had taken a conveyance of the equity of redemption in the land from the mortgagors, subject to the mortgage which in the deed to him he covenanted to pay. It also appeared that he thereafter, and before the assignment to the plaintiff, had delivered to the mortgagees from time to time hardware, which by agreement they accepted in full payment of the mortgage. The case came up on findings of fact and law, and the court decided the case on the findings alone. There was no finding that when the plaintiff purchased the mortgage he knew of the payment, or that Douglass owned the land or had bound himself to pay the mortgage. It was found that when the mortgage was paid it was the intention that the mortgage should be kept alive. In pursuance of this intention the mortgagees assigned and delivered the mortgage to Douglass. The majority of the court held that the plaintiff could enforce the mortgage, but two of the six judges who concurred in the opinion stated that if it had been found that the plaintiff when he took the assignment had notice of the payment by Douglass, and of his relation to the land, they would have been of opinion that the plaintiff could not recover. So far as appears, all the judges who concurred in the judgment may have held the same view. It was held that the principle of estoppel applied upon the facts found. This case furnishes no precedent for the claim made in the present case. It will be observed that in that case the mortgage was assigned to the plaintiff before it became due according to its terms; that it was apparently a valid security in the hands of Douglass; that the payments thereon were not made by the mortgagor, but by Douglass, with the intention and understanding at the time that it was to be kept alive and not satisfied; that the plaintiff took the assignment in good faith and without notice, and placed his assignment on record before the conveyance by Douglass to Ames. In the present case the dealing was between Striker, the mortgagor and owner of the premises, and Robert, in respect to a past due mortgage which Robert knew had been

paid. Robert doubtless supposed it could be re-issued by Striker, and made his loan in reliance on Striker's consent that Weil should assign the satisfied mortgage to him as security for the loan. It was not, in fact, assigned until after Bliss had taken his mortgage. In *Coles* v. *Appleby* the plaintiff claimed as assignee of a mortgage made by Benham, which one Beach procured to be assigned by the mortgagee to the plaintiff. Beach had purchased the equity of redemption in the land, and bound himself to pay the mortgage. He subsequently paid the amount to the mortgagee, but under the arrangement that the mortgage was not to be satisfied, but that it should be assigned. The court sustained the right of the plaintiff to enforce the mortgage, saying : " The right of the plaintiff to enforce the bond and mortgage does not rest upon a parol agreement to restore the mortgage, but upon the intention at the time to preserve it as a lien, shown by the assignment thereof, and the circumstances attending the transaction."

We find no case which sustains the claim that a mortgage paid by the mortgagor, not intended to be kept alive at the time of the payment, can be thereafter re-issued by him to secure another loan, made by a party cognizant of the fact, so as to give it validity as against a subsequent purchaser or mortgagee.

The order of the General Term should be affirmed.

All concur, except VANN, J., not sitting.

Order affirmed.