IDA JACOBS, Appellant, v. THE VAN BRUNT REALTY CORPORATION and Others, Respondents.— The question between plaintiff and the defendant Allinson is upon the priority of the two mortgages. The complaint alleges that the lien of defendant's mortgage is subject to that of plaintiff, and asks to have defendant's rights foreclosed. On the other hand the claim of defendant is that the mortgage is a superior lien to that of plaintiff for two reasons: *First,* because plaintiff's mortgage, having been once paid, cannot be revived (*Mead* v. *York,* 6 N. Y. 449; *Bogert* v. *Bliss,* 148 id. 194), and *secondly,* because defendant's assignor, having taken the mortgage from the Willoughby Realty Company, the then owner of the equity of redemption, and also, under plaintiff's claim, the holder of plaintiff's mortgage unmerged, under the representation that defendant's mortgage was a first lien, is entitled to maintain that position against plaintiff under the doctrine of estoppel. These questions can be litigated between the present parties to the record, under the present pleadings, and judgment can be entered so framed as to determine the controversy between the parties without prejudice to the rights of others. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

THOMAS JOHNSON, as Administrator, etc., of THOMAS JOHNSON, Deceased, Respondent, v. WESTCHESTER STREET RAILROAD COMPANY, Appellant.— Judgment and order reversed and new trial granted, costs to abide the event. Thomas and Mills, JJ., voted upon the ground that the court erred in its refusal to charge as requested at folio 659 of the record; Jenks, P. J., and Putnam, J , voted upon the ground that the verdict, which necessarily absolved plaintiff from contributory negligence was contrary to the weight of the evidence; Kelly, J., voted to affirm.

CHARLES F. LAWLER, Plaintiff, v. THE SHEFFIELD CONSTRUCTION COMPANY and Others, Defendants. SOUND HOLDING COMPANY, Purchaser, Appellant; WILLIAM J. DILTHEY, Judgment Creditor, Respondent.— Order of the County Court of Kings county modified by providing as a further condition that the Sound Holding Company shall be subrogated to any payment which it has made upon the principal of the mortgages prior to plaintiff's mortgage, together with interest thereon to date, and that such sum shall be first paid out of the avails of the sale. As thus modified the order is affirmed, without costs. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred.

SAMUEL H. LUMMIS, as Trustee in Bankruptcy, etc., Appellant, v. J. SPENCER CROSBY and Others, Defendants, and ANNA H. STIER, Respondent.— On reargument, appeal allowed to the Court of Appeals. No opinion. Jenks, P. J., Thomas, Mills, Putnam and Blackmar, JJ., concurred. Order to be settled before the presiding justice.