JAMES P. STIFF *vs.* JOSEPH A. ASHTON.

Bristol.    October 28, 1891. — December 5, 1891.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Replevin — Estoppel in Pais — Intention to deceive — Exceptions.*

An intention to deceive is a necessary element of estoppel *in pais;* and one, whose false speech or action has misled another, is not estopped thereby, unless he knew or ought to have known that his words or conduct reasonably might influence such other's action.

If an officer attaches goods belonging to one, upon a writ against another, relying on a statement made to him by the owner that the goods belonged to such other, the owner is not estopped from claiming the immediate possession of them, unless he had reason to suppose that the false statement might induce the officer so to attach them, and the statement was relied on by the officer to such a degree that, except for it, he would not have made the attachment.

In replevin from an officer of goods attached by him as belonging to a third person, where the plaintiff's ownership was conceded, there was evidence which was contradicted that immediately before and at the time of attachment the plaintiff stated to the defendant that the goods belonged to the person sued, and that he did not claim them as his own until the next day. It did not appear that the defendant knew that the plaintiff was an officer, or was seeking to make an attachment. The presiding judge refused to instruct the jury, as requested by the defendant, that, "if the facts present a case where the plaintiff by his voluntary acts and neglect to act has misled the defendant to his prejudice, you may find a waiver by the plaintiff of his right to immediate possession and a verdict for the defendant; if the plaintiff by word or act deceived the defendant to his injury in relation to the attachment, and by his word or act the defendant as an officer was led to attach the property in question, you must find for the defendant"; and instructed the jury that if they found that the plaintiff, for the purpose of inducing the defendant to attach the property as belonging to the person sued, told him it belonged to such person, and that the defendant, relying upon that statement, attached the property when he would not otherwise have attached it, then the plaintiff would be estopped from claiming the property as against the defendant, whom he had thus fraudulently induced to attach it. *Held*, that the defendant had no ground of exception.

REPLEVIN of goods from an attaching officer. Trial in the Superior Court, before *Hammond*, J., who allowed the following bill of exceptions:

"The defendant is an officer duly qualified to serve civil process, and who claimed a special title under an attachment on a writ, directed to him as such officer, in favor of Clarence G. Straight against Fred L. Stiff, a brother of the plaintiff herein. At the trial, the defendant introduced evidence tending to show that, immediately before, and at the time when the attachment was made, the plaintiff told the officer, in the presence and hearing of the keeper, as testified to by them, that the goods attached belonged to said Fred L. Stiff; that Fred partially conducted his business in the place where the goods were attached; and that the day after the attachment was made the plaintiff, by his attorney, for the first time made a claim for said goods as his own. The plaintiff denied this, and introduced evidence to show that at the time named he told the officer that the property was his, and immediately upon the attachment and at all times after claimed it as his own. The defendant asked for the following rulings and instructions:

" ' If the facts present a case where the plaintiff, by his voluntary acts and neglect to act, has misled the defendant to his prejudice, you may find a waiver by the plaintiff of his right to immediate possession, and a verdict for the defendant.'

" 'Second. If the plaintiff by word or act deceived the defendant to his injury in relation to the attachment, and by his word or act the defendant as an officer was led to attach the property in question, you must find for the defendant.'

" The court refused to rule and instruct as thus requested, but instructed as follows: 'If you find that James, for the purpose of inducing the officer to attach that property as Fred's, told him it was Fred's, and that the officer, relying upon that statement, attached the property when he would not otherwise have attached it, then James would be estopped from claiming the property as against the man whom he had thus fraudulently induced to attach it. But you must be satisfied that James made the statement for the purpose of having the property attached as Fred's, and that the officer relied upon the statement, and attached it when he would not otherwise have attached it.' Full and appropriate instructions, to which no exception was taken, were given on other points of the case, but this was all the instruction given on this point."

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*S. W. Ashton*, for the defendant.

*A. N. Lincoln & A. H. Hood*, for the plaintiff.

BARKER, J.   The defendant seeks to justify his taking of the goods replevied, by showing that he attached them upon a writ against a third person.   At the trial the plaintiff's ownership was conceded, but it was contended that he was estopped because he had stated to the defendant, immediately before, and at the time of the attachment, that the goods belonged to the person sued, and had not claimed them as his own until the next day.   The plaintiff denied that he had made any such statement, and introduced evidence tending to show that he had. at all times claimed the property as his own.   It did not appear that the plaintiff knew that the defendant was an officer, or was seeking to make an attachment.   The only questions are as to the correctness of the instructions asked and denied, and of those given.

Those asked were clearly erroneous, and were properly refused.   They would have allowed the jury to find an estoppel, if by the plaintiff's word or act the defendant had been induced to

make the attachment, although the plaintiff had no intention to deceive him, and no knowledge or cause to believe that he was concerned in his conduct or talk, and although under the circumstances the plaintiff was justified in believing that he was responsible to no one for his speech or conduct.

The usual form of expressing the situation which founds an estoppel *in pais* has been that followed in the rulings given, in which, as in many of the older decisions, it is said that an intent to deceive is a necessary element. *Osgood* v. *Nichols*, 5 Gray, 420. *Audenried* v. *Betteley*, 5 Allen, 382, 385. *Plumer* v. *Lord*, 9 Allen, 455, 458. *Langdon* v. *Doud*, 10 Allen, 433, 437. *Andrews* v. *Lyons*, 11 Allen, 349. *Turner* v. *Coffin*, 12 Allen, 401. *Zuchtmann* v. *Roberts*, 109 Mass. 53. *Nourse* v. *Nourse*, 116 Mass. 101, 104. But under this formula the jury were not prohibited from finding the intention and the estoppel, if, without more, the plaintiff spoke or acted falsely, knowing or having cause to believe that his words or conduct reasonably might influence the defendant's action. The more modern statement, that one is responsible for the word or act which he knows, or ought to know, will be acted upon by another, includes the older statement that the estoppel comes from an intention to mislead. *White* v. *Duggan*, 140 Mass. 18, 20. *Tracy* v. *Lincoln*, 145 Mass. 357, 359. *O'Donnell* v. *Clinton*, 145 Mass. 461, 463. *Washburn* v. *Hammond*, 151 Mass. 132, 141.

In the state of the evidence, so far as it appears upon the bill of exceptions, the instructions given afforded the jury a sufficiently correct guide to the class of statements and acts which must be shown to found an estoppel. If the situation had made it necessary to instruct them as to intention, as distinguished from circumstances in which intention is to be presumed, the presiding justice would have ruled upon that subject. All that he was in fact called upon to do was to correct the errors of the instructions asked, and to lay down a rule which, under the circumstances, would enable the jury to deal properly with the evidence. We see no reason to suppose that they were misled by the rulings given.

The ruling that they must be satisfied that the defendant attached, when he would not otherwise have done so, was correct. *Plymouth* v. *Wareham*, 126 Mass. 475, 478.

*Exceptions overruled.*