HORACE G. WESTLAKE & another *vs.* JOHN H. DUNN
& another.

Berkshire.    September 8, 1903. — October 21, 1903.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Equity Jurisdiction.    Estoppel.*

If one executes and acknowledges a deed of real estate, with the name of the
grantee left blank, and temporarily intrusts it to another, on his representation,
that he wants to show it to a friend who is going to let him have part of the
purchase money, and .that he will return it in a few minutes, and if the person
thus obtaining the deed fraudulently inserts his name in the blank and mort-
gages the property to a savings bank which lends him money on it in good
faith, this does not preclude the signer of the deed from asserting his title
against the bank, and he may maintain a bill in equity to set aside the deed
and cancel the mortgage.

BILL IN EQUITY, filed July 24, 1901, by Horace G. Westlake
and James D. Bell, both of Hillsdale in the State of New York,
against John H. Dunn, of the city of New York, and the Berk-
shire County Savings Bank, praying, that a deed from Westlake
to Dunn of certain real estate in Pittsfield might be declared
void, it never having been delivered to Dunn for the purpose of
passing title to the premises, that the savings bank might be re-
strained from foreclosing a mortgage on the premises purporting
to have been made by Dunn, and for further relief.

In the Superior Court the case was heard by *Fox,* J.   The bill
was taken *pro confesso* against the defendant Dunn.   The judge
found for the plaintiffs, and ruled that the plaintiff Westlake
was entitled to a decree requiring the defendant savings bank
to discharge the mortgage.   The defendant savings bank alleged
exceptions.

*C. E. Hibbard & C. L. Hibbard,* for the defendant bank.

*H. C. Joyner & H. M. Whiting,* for the plaintiff.

MORTON, J.   This is a bill in equity to have a deed from the
plaintiff Westlake to the defendant Dunn, alleged to have been
obtained by fraud, declared null and void, and to have a mort-
gage from Dunn to the defendant bank of the same property
cancelled and discharged.   The judge ruled and found in favor

of the plaintiffs and the case is here on exceptions by the defendant bank to the refusal of the judge to give certain rulings requested by it. The defendant Dunn did not appear and the bill was taken *pro confesso* against him.

There is no serious dispute as to the facts. The evidence consisted of the testimony of one Bell, the attorney for Westlake, and who is also one of the plaintiffs, and a statement of facts by the attorneys for the bank, and the deeds and documents referred to in the testimony on one side and the other.

From this evidence it appears that Westlake was the owner of certain real estate in Pittsfield which he wanted to sell, and that there were negotiations between him and Dunn in regard to a sale of the same. In consequence of these negotiations, the plaintiff Bell prepared a deed of the property at the request of Westlake. This deed was signed and acknowledged by Westlake. When he signed and acknowledged it, it was unsealed and the name of the grantee was blank. In this condition the deed was handed to Dunn in order that he might show it as he represented to a possible purchaser. Mrs. Westlake had not signed it, however, and it was returned at Bell's suggestion to have her sign it, which she did. Subsequently the seals and the revenue stamps were put on but the name of the grantee still remained blank. In this condition Dunn obtained the deed from Bell, to whom Westlake had intrusted its delivery and the receipt of the purchase money, by representing that he wanted to take it to show to a friend who was going to let him have $2,000 of the purchase money, and that he would return it in a few minutes. He did not return it, but wrote in his own name as grantee and then took it to the defendant bank to which he had previously applied. for a loan on the property of $2,000, which had been approved, and delivered it to the bank and executed a note and mortgage to the bank for $2,000 which thereupon paid him that amount, and on the same day caused the deed and mortgage to be duly recorded. The officers of the bank and its attorney acted in good faith, and had no knowledge of the fraud that had been perpetrated by Dunn. Subsequently the plaintiff Westlake discovered the fraud, and, upon the commencement of foreclosure proceedings by the bank in June, 1901, brought this bill.

Without going further into detail, it is clear, we think, that

the deed was obtained from Bell by Dunn under circumstances that warranted the finding made by the judge that the deed never was delivered with intent to pass the title, and also the further finding made by the judge that there was a fraudulent insertion by Dunn of his name as grantee. The deed never having been delivered with intent to pass the title as a completed deed or with authority to Dunn to insert the name of the grantee it had no force or validity as a deed, no title vested in Dunn and he could, of course, convey none. The insertion of his name as grantee by himself was an act wholly unauthorized even if it did not constitute a forgery. The subsequent acceptance by Westlake of a deed from Dunn to himself, before the discovery of the fraud, and the recording of it did not constitute a ratification of what had been done and a confirmation of Dunn's title, because, in accepting the deed and causing it to be recorded, Westlake acted in ignorance of the fraud that had been committed by Dunn.

The bank contends that Westlake is estopped to set up title in himself and is not entitled to relief in equity. If that is so it must be either on the ground that the conduct of Westlake and his agent Bell was calculated to, and did induce the bank to lend the money and take the note and mortgage and that they knew or ought to have known that such was likely to be the effect of their conduct (*Stiff* v. *Ashton,* 155 Mass. 130), or on the ground of negligence on the part of Westlake and Bell in suffering Dunn to take the deed and thereby enabling him to commit the fraud and procure the loan from the bank, and that as between two innocent parties the one whose negligence has contributed to the wrongdoing complained of should suffer the loss occasioned thereby, and not the other. The effect of such a contention, if sustained on either ground, would be to leave the title in Dunn and the bank. But we think that the contention of the bank cannot be sustained. Neither Westlake nor Bell did or said anything which they knew or ought to have known would or could induce the bank or any one else to lend money to Dunn and take a mortgage on the land in question as security. They were entirely ignorant of the whole transaction. They had no reason even to suspect that Dunn was going to make the use which he did of the deed. This ground of estoppel therefore fails. *Stiff* v. *Ashton,* supra. So also we think does the other.

It was not negligent on Bell's part to entrust the deed with the name of the grantee left blank to Dunn to show, as he represented, to a friend with the promise to return it in a few minutes. Dunn had no authority to fill in the blank either with his own name or that of any other person, though he had said that he was going to take the deed to himself, and there was no objection to his doing so, provided he paid the purchase price. Neither Westlake nor Bell owed any duty to any one to see that Dunn did not use the deed in the manner in which he did. If there was no such duty on their part then there was no negligence. See *O'Herron* v. *Gray*, 168 Mass. 573. *Scollans* v. *Rollins*, 179 Mass. 346. *Scholfield* v. *Londesborough*, [1896] A. C. 514. A deed is a different instrument from the instruments referred to and dealt with in *Russell* v. *American Bell Telephone Co.* 180 Mass. 467, and in *Scollans* v. *Rollins, supra.*

The rulings requested by the defendant were given in part and refused in part. We discover no error on the part of the judge in dealing with them as he did. The result is that the exceptions must be overruled.

*So ordered.*