# Jenkins *et al. v.* Jonas Schwab Co.

*Bill in Equity to compel the Determination of Claims to Real Estate and to quiet Title.*

1. *Statutory bill to compel determination of claims to real estate; respondent may seek affirmative relief in his answer.*—While, upon a statutory bill to compel the determination of claims to real estate and to quiet title thereto, (Code, §§ 809-813), the respondent is entitled only to an adjudication of title, yet, being properly before the court, a respondent may seek affirmative relief by making his answer a cross bill and setting forth therein the facts which entitle him to the relief prayed for.

2. *Statutory bill for determination of claims to real estate; when defendant entitled to have mortgage foreclosed.*—Where a bill is filed under the statute to compel determination of claims to real estate and to quiet the title thereto, (Code, §§ 809-813), and in answer to the bill the defendant sets up that he holds a mortgage upon the property described in the bill, which was

[Jenkins *et al.* v. Jonas Schwab Co.]

given by the complainant, and asks that his answer be taken as a cross bill and that the mortgage be foreclosed, such mortgage is under a direct attack and is subject to be accordingly passed upon by the court.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellants, Willis L. Jenkins and David Garnet, against the appellee, Jonas Schwab Co., a corporation, to compel the determination of claims to real estate and to quiet title thereto, under the provisions of sections 809-813 of the Code.

The defendant filed its answer, claiming that it held a mortgage on the lands described in the bill of complaint, to secure an indebtedness evidenced by promissory notes; that upon this mortgage indebtedness there was a balance due and unpaid. The defendant then prayed that its answer be taken as a cross bill and said mortgage be foreclosed. The complainant in the original bill made a motion to strike the cross bill of the defendants from the file, upon the grounds that this was a proceeding under the statute, and that said statute does not provide for the filing of a cross bill. The complainant to the original bill also demurred to the cross bill upon the following grounds: 1. That the defendants in their answer and cross bill did not offer to do equity. 2. That said answer and cross seek relief other and beyond statutory relief. 3. That the defendant to the statutory bill can not seek affirmative relief by a cross bill. The motion to strike the cross bill and the demurrer were each overruled. Thereupon the complainants in the original bill filed an answer to the cross bill, in which they set up the fact that the mortgage held by the defendant and described in the cross bill was invalid, because the lands conveyed therein constituted the homestead of the complainants in the original bill at the time of the execution of said mortgage; that the complainants were at that time married men, and that the wife of neither of them made a separate acknowledgment of the execution of the mortgage before an officer com-

petent to take such acknowledgments, as required by the statute; that the officer before whom the wives of the complainants made their acknowledgments ,was, at the time, a stockholder and officer of the defendant company. The issue of fact formed by the cross bill and the answer thereto, was, as allowed under the provisions of the statute, tried by a jury, and a verdict was returned by the jury and certified to the. court, establishing as true, the facts contained in the answer and the cross bill.

On the final submission of the cause on the pleadings and proof, the chancellor decreed that the complainants were the owners and in possession of the lands described in the bill, but their ownership was subject to the mortgage of the respondent, and that the respondent was entitled to the relief prayed for in its cross bill. A reference was ordered, that the register take and state an account of the amount due from complainants to the respondent upon the mortgage described in the respondent's cross bill, etc. The complainants appeal, and assign as error the decrees rendered by the chancellor.

JAMES E. WEBB and R. L. WILLIAMS, for appellant, cited *Cheney v. Nathan,* 110 Ala. 254; *Inter. B. & L. Association v. Stock,* 124 Ala. 109; *Jenkins v. Harrison,* 66 Ala. 345; *Lyon v. Hardin,* 29 So. Rep. 777; *Jaffrey v. McGough,* 115 Ala. 561.

KERR & HALEY, *contra.*—Defendant was entitled to affirmative relief under its cross bill.—*Cheney v. Nathan,* 110 Ala. 254.

The question of invalidity of a mortgage, because acknowledged by the mortgagor's wife before an officer who was a stockholder in the defendant corporation, can only be raised in a direct proceeding prosecuted for the purpose of cancelling such mortgage.—*Monroe v. Arthur,* 28 S. R. 476; *National B. & L. Asso. v. Cunningham,* 30 S. R. 336; *Sloss-Sheffield S. & I. Co. v. University,* 30 S. R. 434; *Grider v. Mortgage Co.,* 99 Ala. 281; *Hayes v. B. & L. Association,* 124 Ala. 663.

[Jenkins *et al.* v. Jonas Schwab Co.]

SHARPE, J.—This suit was begun by a bill filed under the statute (Code, §§ 809-813), which under given circumstances authorizes the filing of a bill to compel the determination of claims to real estate and to quiet the title to the same. The defendant answered that upon the lot described in the bill, it held a mortgage executed by complainants together with certain notes given by them contemporaneously with the mortgage, and by a cross-bill it prayed for foreclosure of the mortgage. A motion to strike out the cross-bill and a demurrer to same were overruled, and complainants answered the cross-bill setting up that at the time of the transaction in question, they were married men and the lot was their homestead; that execution of the mortgage was not acknowledged by the wife of either of them, before any officer competent to take the separate acknowledgment required by the statute in respect of such conveyances; that the notary public whose certificate purports to show such acknowledgments were made, was a stockholder and an officer in the mortgage company and was, therefore, disqualified to act in taking the required separate acknowledgments. A jury trial was had under the provisions of the statute, and the verdict therein rendered established as true the averments of fact contained in the answer to the cross-bill.

The motion to strike the cross-bill and the demurrer to same were properly overruled  Though the jurisdiction invoked by the bill is statutory, there is nothing in the statute or elsewhere which in cases brought under such jurisdiction, precludes those who are made defendants therein to seek affirmative relief by cross-bill according to the usual chancery practice.—*International B. & L. Assn. v. Stocks,* 124 Ala. 109; *Cheney v. Nathan,* 110 Ala. 254. The original bill drew in question the existence and extent of defendant's claim to the lot and the cross-bill, being founded upon the same subject matter and seeking only the enforcement of that claim, did not involve a departure from the original case.—*Newago, etc. Co. v. Stevens,* 79 Mich. 398.

Under the facts as found by the jury, the mortgage was invalid and was subject to be so treated upon a direct attack.—*Monroe v. Arthur,* 126 Ala. 362; *Fearn v. Beirne,* 129 Ala. 435; *Hayes v. Southern B. & L. Assn.,* 124 Ala. 663.

The statute under which the suit was brought gives a remedy for the determination at the instance of a person in possession of land, every claim of interest adverse to his ownership. Since the mortgage constitutes the claim propounded for adjudication in response to the bill it is under a direct attack and its invalidity having been so brought to view by the pleadings and verdict, no decree for its enforcement should have been rendered.

In the chancellor's opinion it seems to have been assumed that there was a cash consideration for the mortgage which complainants should have offered to restore while insisting on cancellation of the mortgage. It is true that the maxim "he who seeks equity must do equity" is of general application to cases in equity including those brought under the statute for quieting title.—*Hart v. Smith,* 44 Wis. 213; *Benson v. Shotwell,* 87 Cal. 49; 17 Ency. Pl. & Pr. 370. If it be true that on the faith of the mortgage complainants obtained money or other things of value, they are not entitled to cancellation of that instrument except on making compensation for what was so obtained.—*Hayes v. Sou. B. & L. Asso. supra.* The record, however, is silent as to the character of the consideration of the notes and mortgage. From all that appears the consideration may have consisted entirely of a past due indebtedness, and hence there is now no room for application of the maxim. The decree will be reversed and the cause remanded, and should the cause be thereafter submitted upon the record as it now stands, the mortgage will be unconditionally subject to cancellation.

Reversed and remanded.