# Mitchell, *et al. v.* Baldwin, *et al.*

*Bill to Declare a Deed Void and to Cancel it as Cloud on Title.*

(Decided Feb. 4, 1908. 45 South. 715.)

*Equity; Bill; Motion to Dismiss for Want of Equity; Restoring Consideration.*—The failure of a bill, to declare a deed void on account of the insanity of the grantor and to cancel it as a cloud upon title, to offer to restore the consideration paid, does not render the bill without equity and subject to a motion to dismiss, in the absence of an allegation of the payment of a valuable consideration therefor, since the payment of a valuable consideration, if an answer to such a bill, must be set up in defense thereof.

APPEAL from Bullock Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by Fannie Charles Mitchell and others against Mary Ellen Baldwin and others to declare certain deeds void and to cancel the same as cloud upon title. From a decree dismissing the bill, complainants appeal. Reversed and rendered.

The bill alleges that Mrs. Elizabeth Mitchell died in January, 1904, leaving surviving her the appellants as

[Mitchell, et al. v. Baldwin, et al.]

her only heirs at law, and leaving also a husband, White Mitchell, who is made a party defendant to the bill; that Mrs. Mitchell during her lifetime was the owner in fee of the lands described; that in 1889 she conveyed said lands, being joined therein by her husband, by warranty deed to B. J. Baldwin, her husband joining in the usual covenants of warranty, and again in November, 1892, she conveyed said lands by warranty deeds to B. J. Baldwin, her husband joining in that deed; that in 1893 B. J. Baldwin conveyed said lands for a valuable consideration to F. B. Baldwin; that in 1900 Mrs. Mitchell and her husband executed a deed to said lands to F. B. Baldwin; that at the time each of said deeds were executed Mrs. Elizabeth Mitchell was non compos mentis and incapable of conveying the lands; and that the last-mentioned deed was delivered on Sunday. It is alleged that complainants have brought suit in ejectment for said lands, Mrs. Mitchell dying pending the suit, and that they were defeated on the proposition that White Mitchell, a life tenant, was living, and he was entitled to the possession thereof, if any one other than the holders were. The appellants claim as the heirs of Mrs. Elizabeth Mitchell, and the appellees claim through the will of F. B. Baldwin. The prayer is for a decree that Mrs. Mitchell was non compos mentis at the time of the execution and delivery of the deed, and that said deeds did not pass her title to the grantees, and that upon the termination of the life estate complainants will be entitled to the possession thereof, and that the court will declare such deeds to be void and will cancel same as a cloud upon title of complainants. The respondents made a motion to dismiss the bill for want of equity on the ground of a failure to offer to do equity, and also interposed demurrers to the bill on the same ground. The motion was granted and from this judgment this appeal is prosecuted.

[Mitchell, et al. v. Baldwin, et al.]

.E. L. BLUE, and M. M. ULLMAN, for appellant. A deed made by an insane grantor is absolutely void.— *Dougherty v. Powe*, 127 Ala. 577; *Wilkerson v. Wilkerson*, 129 Ala. 279. Appellants had the right to file this bill against the grantees of the life tenant before the falling in of the life estate.—*Iron Co. v. Fullenwider*, 87 Ala. 584; *Lundens v. Bone*, 90 Ala. 446; *Lowery v. Davis*, 8 South. 879; *Robertson v. Pierce*, 118 Ala. 273; 24 A. & E. Ency. of Law, 391. If the purchase money was paid, it was paid by B. J. Baldwin, and the equity would be personal to him.—11 A. & E. Ency. of Law; *Garland v. Rivers*, 15 Am. Dec. 756; *Mahoney v. Bostwick*, 31 Am. St. Rep. 175.

M. M. BALDWIN, and J. D. NORAN, for appellee. Although the deed may be void, a court of equity will not declare it so in the absence of a necessity for invoking its jurisdiction.—*Wilkerson v. Wilkerson*, 129 Ala. 279. The appellants are out of possession, and the bill has no equity, simply as a bill to cancel a cloud upon title, even if the deed was procured by fraud.—*Treadwell v. Torbert*, 133 Ala. 504. Having no right to maintain a suit at the present time for the possession of the property, the statute of limitations and the doctrine of prescription cannot run against appellant.—*Pickett v. Pope*, 74 Ala. 122; *Bass v. Bass*, 88 Ala. 408; *Gindrat v. Western Ry.*, 96 Ala. 161; *Washington v. Norwood*, 128 Ala. 383. Appellants should offer to do equity.—*George v. N. E. Mtg. & Sec. Co.*, 109 Ala. 584; 99 Ala. 281; 110 Ala. 662; 124 Ala. 474; 128 Ala. 625; 73 Ala. 116; 130 Ala. 513.

DOWDELL, J.—The bill avers that Elizabeth Mitchell, the ancestor of the complainants, was insane at the time of the execution by her of the deeds mentioned to Baldwin, and that the said deeds were and are for that

reason absolutely void. This is also the contention of appellants' counsel in brief and argument, citing in support of the contention *Dougherty v. Powe,* 127 Ala. 577, 30 South. 524, and *Wilkinson v. Wilkinson,* 129 Ala. 279, 30 South. 578. This contention is sound. The act approved March 2, 1901 (Loc. Laws 1900-01, p. 1943), "to better protect bona fide purchasers of real estate from insane persons without notice of such insanity," being subsequent in its passage to the purchase in the present case, can exert no influence one way or the other.

It is shown by the bill that the respondents are in possession of the land under title from the life tenant, the husband of said Elizabeth. The complainants claim nothing more than a reversionary interest in the land, and under the law their enjoyment of this estate or interest is postponed to the termination or falling in of the life estate. Admitting the facts as averred, the present possession of the respondents, being that of the life tenant, is not adverse to the interest of the complainants as reversioners, and, as no right of action for the recovery of possession by the complainants exists, the statute of limitations does not run and cannot begin to run until such right of action accrues.—*Pickett v. Pope,* 74 Ala. 122; *Bass v. Bass,* 88 Ala. 408, 7 South. 243; *Gindrat v. Western Ry.,* 96 Ala. 162, 11 South. 372, 19 L. R. A. 839; *Washington v. Norwood,* 128 Ala. 383, 30 South. 405.

The rule is well established that "a court of equity will not entertain a bill to remove a cloud from the title to land in favor of a person asserting a legal right when he is not in possession, unless he shows some special equity —that is, some obstacle or impediment which would prevent or embarrass the assertion of his rights at law." —3 Mayfield's Dig. p. 197E, § 418. In the case before us the existence of the life estate and the possession of the land by the respondents holding under the life tenant is

an obstacle or impediment in the way of an assertion by the complainants as reversioners of their legal rights, and under the principle above stated, and on the authority of the case of *Lansden v. Bone,* 90 Ala. 446, 8 South. 65, the complainants, although out of possession, have a clear right to maintain a bill in equity to remove a cloud from their title in reversion.

On the facts in this case, however, the complainants are confronted with another equitable doctrine; that is, an offer to do equity. There is no fraud nor undue influence charged, or unfairness of any kind or character. So far as the bill shows, the grantee under whom the respondents hold and claim was an innocent purchaser for value, without notice of the alleged insanity of the grantor at the time of the purchase and the execution of the conveyance. The case presented is simply one to have a void deed, void by reason alone of the grantor's insanity, canceled, and the cloud created by it on complainant's title to the land removed. The bill alleges the execution of a warranty deed to the said Baldwin by Elizabeth Mitchell. The execution and delivery of a deed imports a consideration, and it is not denied in the bill that an adequate consideration was paid, and that it was the full value of the land so conveyed. The fact that a deed is void does not, in and of itself, and apart from all other considerations, relieve those seeking to have it set aside from offering to do equity. This is a sound principle, and is based upon equity and good conscience.

The question here is raised by the demurrer to the bill, as well as by motion to dismiss for want of equity, in that the bill fails to make offer of restoration of the purchase money paid. The general rule that a void deed, alone and of itself, does not relieve a party seeking to have the same removed as a cloud upon title from offer-

ing to do equity by making restoration, finds support in the following of our own cases.—*Grider v. American F. L. M. Co.,* 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58; *George v. New Eng. ort. Security Co.,* 109 Ala. 548, 20 South. 331; *Interstate B. & L. Ass'n v. Agricola,* 124 Ala. 474, 27 South. 247; *Hayes v. Home B. & L. Ass'n,* 124 Ala. 663, 26 South. 527, 82 At. St. Rep. 216; *Robertson v. Bradford,* 73 Ala. 116; *Marx v. Clisby,* 130 Ala. 512, 30 South. 517. The doctrine, however, is not without modification in case of infants, who are in a sense considered as wards of a court of chancery, and whose contracts are not void, but only voidable. But even in case of an infant, in order to be relieved of his contract, he has to tender so much of the consideration as he retains.—*Eureka Co. v. Edwards,* 71 Ala. 248, 46 Am. Rep. 314; *Am. Freehold Land Mort. Co. v. Dykes,* 111 Ala. 178, 18 South. 292, 56 Am. St. Rep. 38.

Our attention has not been called to any case of our own where the precise question before us has been decided, nor do we know of any such case. In the case of *Pike v. Pike,* 104 Ala. 642, 16 South. 689, where the complainant, being out of possession, sought to set aside a deed of an insane grantor, in speaking of the payment of the purchase money by the respondent, it was said: "However this may be, it is not shown affirmatively and satisfactorily that the purchase money, the consideration of the conveyance, was paid to the guardian, or paid for the use of the grantor. It is not necessary, therefore, to consider when a court of equity, as a condition upon which an executed contract of a person insane will be vacated, may require a restoration of whatever such insane person may have received as the consideration of such contract." It is not here decided, but it is strongly intimated, that conditions may exist under which a court of chancery would compel restoration as a prerequisite

to granting relief in a bill to set aside a conveyance on the ground of insanity.

The present case, we think, is one that presents conditions calling for the exercise of the equitable doctrine of restoration as a prerequisite to the granting of the relief sought. As is well said by counsel for appellee, no undue influence is charged; no deceit; no fraud; no overreaching or entrapping; no knowledge of the grantor's alleged insanity; no inadequacy of price paid for the lands; in fact, nothing except that the grantor was insane at the time she executed the deed, and by reason of such insanity appellants, as her heirs, claim title to the land and the possession thereof upon the falling in of the life estate. For aught that appears the grantor received the full benefit of the purchase money paid her for the lands, and to deny restoration simply because she was insane, if such be a fact, does not appear to a court of conscience as sound in morals or in law. Mental incapacity is sometimes elusive, and it is often difficult to tell that it really exists. It should, therefore, not be made a weapon of offense to strike down an innocent grantee for value without notice, and without compelling restoration. On the doctrine of restoration in the avoidance of the contract of an insane person in a court of equity, the decisions of the courts are in conflict.

In the case of *Coburn v. Raymond*, 76 Conn. 484, 57 Atl. 116, also reported in 100 Am. St. Rep. 1000, this question is gone over with, and both American and English cases are cited. In that case it was said: "The first case to assert the doctrine that there might be a rescission without restoration we believe to have been *Gibson v. Soper*, 6 Gray (Mass.) 279, 66 Am. Dec. 414. The judge who wrote the opinion of the court found no little difficulty in harmonizing its views with the opinion rendered by Chief Justice Shaw in the then recent case of

*Arnold v. Richmond Iron Works*, 1 Gray (Mass.) 434,
wherein a contrary doctrine was stated in plainest
terms. The decision in *Hovey v. Hobson*, 53 Me. 451, 89
Am. Dec. 705, followed about 10 years later, and adopted
the views of the Massachusetts case. These two cases
contain all that has been or can be said in favor of the
position taken." Further quoting from this case: "A
proceeding to set aside such a deed is a proceeding in
equity, and the powers invoked are equitable, and call
for the exercise of the broadest equity.—2 Story, Eq.
Jur. (12th Ed.) 136d. When the case involves an inno-
cent, bona fide grantee, the court has before it two inno-
cent parties, between whom it is in duty bound to do
equity. It has no right to shut its ears to the claims of
either party. To say that one, however innocent he may
be, and however fair his dealings, who chances to deal
with an incompetent, does so at his peril, and can have
no consideration in a court of equity, when he is about
to be deprived of both his property and the consideration
paid for it, is to hold a harsh doctrine, which might eas-
ily transform the incompetent's shield into a sword.
Cases of this character furnish no exception to the max-
im that he who seeks equity must do equity; so that if,
on the whole case, it would be inequitable to set aside a
conveyance, there is no inexorable rule that it must be
done because, perchance, the grantor was deficient in
mental capacity."

In *Gribben v. Maxwell*, 34 Kan. 8, 7 Pac. 584, also re-
ported in 55 Am. Rep. 233, it was said: "As a general
rule, the contract of a lunatic is void per se. The con-
curring assent of two minds is wanting. * * * Not-
withstanding this recognized doctrine, the decided cases
are far from being uniform on the subject of the liability
or extent of liability of lunatics on their contracts. An
examination of the cases upon the subject shows that

23 R

there is an irreconcilable conflict in the authorities. We think, however, the weight of authority favors the rule that where the purchase of real estate from an insane person is made, and a deed of conveyance is obtained in perfect good faith, before an inquisition and finding of lunacy, and no advantage is taken by the purchaser, the consideration received by the lunatic must be returned, or offered to be returned, before the conveyance can be set aside at the suit of the alleged lunatic, or one who represents him."

So it seems from a review of the cases that the weight of authority, as well as sound reason, favors the rule of restoration, in the avoidance of the contracts in a court of equity of an insane person, where the contract is free from fraud and unfairness. This is in accord with our views, equitable and right. It is of no consequence that the complainants, as reversioners, may have to wait to the falling in of the life estate before they could enjoy the results of a decree in their favor in the possession of the land. It is within the power of a court of chancery to so mold its decree as to meet the exigencies of such a case. Holding the foregoing views, I think that the decree appealed from should be affirmed.

HARALSON, and McCLELLAN, JJ., concur.

TYSON, C. J., and SIMPSON, ANDERSON and DENSON, JJ., constituting a majority of the court, hold that the failure of the bill to offer to make restoration of the purchase money, if any was paid, does not deprive the bill of equity, and cannot be taken advantage of by demurrer. They hold that the matter of the payment of an adequate consideration for the land is defensive and must be set up by answer. It follows that the decree must be reversed and one here rendered overruling the

motion to dismiss for want of equity. Reversed and rendered.