## Walker, Supt., *et al. v.* Baker.

### Cencellation of Instruments.

(Decided February 8, 1917. 74 South. 368.)

1. **Acknowledgement; Mortgage; Capacity of Officer.**—A mortgage of the homestead to a bank, the wife's separate acknowledgement of which was taken by an officer and stockholder of the bank, is invalid against direct attack.

2. **Cancellation of Instruments; Offer to Do Equity; Pre-existing Indebtedness.**—A mortgagor can maintain a suit in equity to cancel an invalid mortgage given to pay a pre-existing indebtedness without offering to pay such indebtedness.

APPEAL from Escambia Chancery Court.

Heard before Hon. OSCAR S. LEWIS.

Bill by J. W. Baker against A. E. Walker, as Superintendent of Banks, and another. Decree for complainant, and defendant Walker appeals. Affirmed.

Bill by appellee against A. E. Walker, as superintendent of banks, and the People's Bank & Trust Company of Atmore, Ala.,

[Walker, Supt., et al. v. Baker.]

seeking to have canceled as a cloud on title a mortgage and foreclosure deed executed by complainant and his wife to the said bank and trust company.  The bill shows that on January 12, 1914, complainant owned and occupied as a homestead the real estate in the town of Atmore described in the bill, and that he is still in possession of said property as his home; that on the above-named date he and his wife, Rebecca Baker, made a mortgage to the Peoples' Bank & Trust Company (a copy of which is made an exhibit to the bill), and that the acknowledgment to same was taken by one Lamont, a notary public in Escambia county, who was an officer and stockholder in said bank, which fact it is alleged makes the mortgage illegal and void.  It is further alleged that at the time of the execution of the mortgage no money was advanced by said bank to complainant, but the mortgage was to secure a past-due indebtedness in the sum of $600.  The bill then shows the insolvency of said banking company, alleging that its affairs had been transferred to the superintendent of banks, and are now in course of liquidation in all respects as provided by law, and that said superintendent foreclosed the mortgage under the power of sale therein contained, advertised the property for sale, bid it in himself for the state, and had deed executed to him as state superintendent of banks. The demurrer to the bill takes the point that there is no equity in the bill, and that complainant does not offer to do equity by repaying the amount of said indebtedness.  The demurrer was overruled, and from this decree the appeal is prosecuted; leave of the chancellor having been obtained by the superintendent of banks to prosecute this appeal.

PAGE & McMILLIAN for appellants.  POWELL & HAMILTON and JOHN D. LEE for appellee.

GARDNER, J.—(1) The bill in this case shows that the separate acknowledgment of the wife to the mortgage sought to be canceled as a cloud on title was taken by one who was an officer and stockholder of the corporation to which the mortgage was executed.  It has been held by this court that on direct attack such a mortgage will be declared invalid.—*Hayes v. So. B. & L. Ass'n,* 124 Ala. 663, 26 South. 527, 82 Am. St. Rep. 216.

(2) It is also well settled that as a general rule one seeking the cancellation of such a conveyance as a cloud on title will be

[State, ex rel. Matson v. Laurendine, Assessor.]

required, under the maxim that "he who seeks equity must do equity," to return any money advanced or paid upon the faith thereof.—*Grider v. Am. Freehold L. & M. Co.*, 99 Ala. 281, 12 South. 775, 42 Am. St. Rep. 58. Many authorities recognizing this equitable maxim are cited in the recent case of *Coburn v. Coke*, 193 Ala. 364, 69 South. 574. The bill in this case, however, specifically alleges that at the time of the execution of the mortgage no money was advanced, but that the mortgage was given to secure a past-due indebtedness. In the case of *Jenkins v. Jonas Schwab*, 138 Ala. 664, 35 South. 649, this court, in speaking of such a situation and of the application of this maxim, said:

"From all that appears the consideration may have consisted entirely of a past-due indebtedness, and hence there is now no room for application of the maxim."

Counsel for appellant in their brief concede, as we understand it, that their contention in the instant case would require that the opinion in the *Jenkins Case, supra*, be overruled. We are cited to no authority which has questioned the soundness of that decision, and we are unwilling to depart therefrom. It must therefore result that the bill was sufficient, and the decree of the chancellor is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and SAYRE, JJ., concur.