(80 South. 356)

FORMAN et al. v. THOMAS. (2 Div. 663.)

(Supreme Court of Alabama. Nov. 21, 1918. Rehearing Denied Dec. 19, 1918.)

1. QUIETING TITLE ⬅➡34(1)—BILL—SHOWING OF POSSESSION.

Bill to remove cloud on title by complainant, who alleged that she was induced to execute deed in blank by fraud of deceased husband's nephew, an attorney, and husband of grantee, *held* sufficiently to show complainant's possession at time it was filed.

2. DEEDS ⬅➡32—MORTGAGES ⬅➡153—EXECUTION IN BLANK BY FRAUD—RIGHTS OF MORTGAGEE.

Where execution of deed was procured by fraud of grantor's deceased husband's nephew, an attorney, when no grantee was named therein, such deed was void, and, grantor having been guilty of no conduct estopping her, mortgagee, claiming through deed, was not protected as innocent purchaser.

Appeal from Circuit Court, Marengo County; Robert I. Jones, Judge.

Suit by C. C. Thomas against Charles Forman and another. From a decree overruling demurrers to the bill, respondent Forman appeals. Affirmed.

The bill of complaint in this cause was filed by appellee (C. C. Thomas) against Charles Forman and Gertrude Taylor for the purpose of removing a cloud from the title to certain lands, therein described, situated in Marengo county. In substance, the bill charges: That on and prior to September 9, 1916, the complainant (appellee) was the owner of the lands involved in this suit, and was in possession of the same. That E. E. Taylor— the husband of respondent Gertrude Taylor and a nephew of complainant's former husband, and a practicing attorney at Linden— approached complainant with a view of renting said land from her for a term of years, to which she agreed. Whereupon the said E. B. Taylor wrote out and delivered to complainant an instrument in writing by the terms of which he (Taylor) agreed to pay complainant on November 1, 1917, and on the 1st day of November of each year thereafter, so long as complainant lived, annual rent for said tract of land. That at the same time said E. E. Taylor presented to complainant a blank instrument in writing—which was partly printed, with blank spaces therein— and informed her that it was a lease of such tract of land, asking her to sign her name thereto, which she did. The bill then avers that at—

"the subscription of her name to said document it did not contain her name as grantor therein, and did not contain the name of Gertrude Taylor as the grantee therein, and did not express the consideration of love and affection and $1,000, nor did it contain any description of the lands above described; but said instrument was entirely blank, except for the printed portion thereof, and that your oratrix, relying upon the representations of the said E. E. Taylor, who was a nephew of her deceased husband, and an attorney at law, that said instrument was a lease, and being further misled by the fact of the execution and delivery to her of the rent obligation above described, she subscribed her name to said blank instrument, and said Taylor took and carried the same away with him."

The instrument was attested by one Canterbury, and a copy thereof is made an exhibit to the bill, and purports to have been acknowledged before one Small, justice of the peace in Marengo county. The bill avers that she (complainant) did not appear before said Small and acknowledge the execution of said instrument at any time, that she had never, to her knowledge, met the said Small, that he is an absolute stranger to her, and that she has never acknowledged the instrument before any officer whatever; that the consideration of $1,000 expressed in the deed was never paid to complainant by any one, and that the purported acknowledgment to said deed is false.

The copy of the deed attached as an exhibit to the bill recites a consideration of "love and affection and $1,000 in hand paid by Gertrude Taylor," and purports to convey to said Gertrude Taylor the land, the subject-matter of this suit, consisting of 635 acres in Marengo county, described by government numbers. The deed bears date September 9, 1916.

The bill charges that the said deed was by the said Gertrude Taylor and husband, E. E. Taylor, acting for her, caused to be filed in the probate court of Marengo county.

The bill alleges that subsequently, on March 15, 1917, while in the house of said Gertrude

Taylor where she had been persuaded to stay for awhile, and while engaged in assisting in the housekeeping, she accidentally discovered this instrument, which was marked on the back "Warranty Deed from C. C. Thomas to Gertrude Taylor," and upon examination thereof she found it was the paper she had signed on September 9, 1916, but that the same had been filled out with pen and ink, in the handwriting of E. E. Taylor, while the description was typewritten. She thereupon immediately consulted an attorney, who informed her of the absolute conveyance of her tract of land. This bill was filed within a few days after said discovery—on March 24, 1917. The bill further avers that the discovery of said paper accidentally, as above described, was the first intimation of any fraud having been practiced upon her.

A short time after September 9, 1916, to wit, October 9, 1916, the said E. E. Taylor, acting for his wife, Gertrude Taylor, procured a loan of $3,000 from Charles Forman, and a mortgage was executed on the land here involved to secure said amount. Complainant was without any information or knowledge whatever of any acts of said parties in regard to procuring said loan, no portion thereof was received by her, nor did she know of the execution of said mortgage until after the discovery of the paper aforesaid. The bill alleges that at the time of the execution of said mortgage she was in the actual possession of said land through her tenants; that said Gertrude Taylor had never at any time asserted any claim or title to said land, nor had she been in possession thereof; that Charles Forman was chargeable with notice of complainant's claim of ownership and title at the time of taking said mortgage, by and through the continued possession and occupancy of portions of said land by her tenants.

The bill further avers that complainant—"is at the time of the filing of this bill of complaint in the possession of said land, and avers that neither the said Gertrude Taylor nor Charles Forman are now or have ever been in the actual possession of said land."

The bill prays that the court decree that no valid deed was ever executed by said complainant to Gertrude Taylor, and that the title to said property is still in complainant; and that the deed—Exhibit A—be canceled, set aside, and held for naught, and removed as a cloud upon complainant's title; that the mortgage of E. E. Taylor to Charles Forman be canceled and held for naught. There is also prayer for general relief.

Demurrers were filed by respondent Charles Forman, attacking the bill for want of equity, and that it does not aver that complainant is in possession of the land, and further that it shows that respondent Charles Forman is a bona fide purchaser to the extent of $3,000, and fails to show that said Forman had any knowledge that the deed from C. C. Thomas to Gertrude Taylor was not in fact what it purported to be, and that said Forman paid value for said mortgage without notice of any imperfection of said title.

Decree was rendered overruling the demurrers, and from this decree respondent Forman prosecutes this appeal.

Pettus, Fuller & Lapsley, of Selma, for appellant.

William Cunninghame, of Linden, for appellee.

GARDNER, J. [1] The bill in this case is filed to remove a cloud on complainant's title to certain lands therein described, and we are of the opinion that it sufficiently shows the possession of complainant at the time the same was filed. The bill does not show that the complainant had received anything of value, and therefore there is no room for the application of the principle that one coming into equity, to avoid and have canceled a deed upon the ground of its imperfect execution as a conveyance of the homestead, will, as a condition to equitable interference, be required to refund, whatever of value he has received as a consideration therefor, as recognized in Loxley v. Douglas, 121 Ala. 575, 25 South. 998, and Walker v. Baker, 199 Ala. 310, 74 South. 368.

[2] This brings us to the consideration of the question of prime importance on this appeal. The bill avers that, at the time complainant signed her name to the instrument here sought to be canceled, it was entirely blank, except for a mere printed form, containing neither description of land, nor the name of a grantee; that complainant was induced to execute the same by the false representations of the husband of Gertrude Taylor.

In Barden v. Grace, 167 Ala. 453, 52 South. 425, Ann. Cas. 1912A, 537, a situation somewhat analogous to that here presented is found. It was there held that a deed without a grantee named therein is void, and further that subsequent innocent purchasers are not protected by such void deed—making a distinction between deeds that are absolutely void and those that are voidable merely. In our opinion the Barden Case was direct application here.

If complainant has been guilty of any conduct which would work an estoppel, or if there is anything that would afford any protection to an innocent purchaser, it clearly does not appear from the face of the bill; and the averments thereof, in our opinion bring the case squarely within the influence of the above cited authority.

Under these allegations, therefore, the respondent Forman is not protected as an innocent purchaser. The following authorities may also be cited in this connection: Note to Guthrie v. Field, 37 L. R. A. (N. S.)

326; Westlake v. Dunn, 184 Mass. 260, 68 N. E. 212, 100 Am. St. Rep. 557; note to Barden v. Grace, Ann. Cas. 1912A, 537; Allen v. Withrow, 110 U. S. 119, 3 Sup. Ct. 517, 28 L. Ed. 90; 13 Cyc. 591; note to Burgess v. Blake, 86 Am. St. Rep. 78; Hollis v. Harris, 96 Ala. 288, 11 South. 377; Pence v. Arbuckle, 22 Minn. 417; Taylor v. Davis, 72 Mo. 291.

We are of the opinion the demurrers to the bill were properly overruled, and the decree will be accordingly affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.