FOSTER, J.
The bill in equity seeks to cancel a mortgage on complainant’s homestead on the ground that his wife, who joined in it, was insane at the time, and because her separate acknowledgment was not taken in due form. A copy of the mortgage is attached to the bill, and recites an indebtedness as its consideration. It does not, neither does the bill, allege that the indebtedness arose at the time of the execution of the mortgage or thereafter by an advance of money or other thing of value. The bill did not offer to restore anything upon granting relief. Demurrer to the bill was sustained.
Counsel for both parties have argued that the chief question presented on this appeal is wThether the bill is insufficient on account of its failure to allege an offer of restitution.
It is settled, we assume, that a mortgage is void to the extent that it conveys the homestead of a married man whose wife is insane and incapable by reason of insanity of joining in the mortgage, and that this situation is not controlled by sections 6822 or 6823, Code. Hall v. Britton, 216 Ala. 265, 113 So. 238.
The bill appears to have sufficient allegation of the insanity of the wife of the mortgagor to justify the statement in it that the mortgage is void on that account. Such allegations are sufficient in will contests on the ground of insanity. Barksdale v. Davis, 114 Ala. 623, 627, 22 So. 17; Batson v. Batson, 217 Ala. 450, 117 So. 10; Wear v. Wear, 200 Ala. 345, 76 So. 111.
The certificate of the wife’s separate acknowledgment is a sufficient compliance with the statute, and the bill shows no' invalidity of the mortgage on that account. Though the mortgage may be void for that or any other reason, a court of chancery will not, on a bill filed for th.e purpose by the mortgagor, declare it void, without requiring the mortgagor to restore to the mortgagee the amount of the value of the consideration of it, if such consideration consisted of an advance of money or other thing of value made by the mortgagee upon the security of such mortgage at or after its execution. Grider v. Am. Freehold L. & M. Co., 99 Ala. 281, 12 So. 775, 42 Am. St. Rep. 58; Coburn v. Coke, 193 Ala. 364, 69 So. 574; Hayes v. So. Home B. & L. Ass’n, 124 Ala. 663, 26 So. 527, 82 Am. St. Rep. 216.
But a failure in the bill to offer to make restitution does not render it subject to demurrer unless it shows that the mortgagee advanced something of value upon the faith and security and as the consideration of the mortgage. Forman v. Thomas, 202 Ala. 291, 80 So. 356; Walker, Supt., etc., v. Baker, 199 Ala. 310, 74 So. 368; Mitchell v. Baldwin, 154 Ala. 346, 45 So. 715; Jenkins v. Jonas Schwab Co., 138 Ala. 664, 35 So. 649.
If the facts justify the relief to complainant only upon the condition that restitution be made, and such facts do not appear in the bill, the respondent may set them up in an answer as defensive matter. But, on the facts alleged in the bill we are considering, an occasion for restitution as a condition to relief is not shown. Coburn v. Coke, supra; Mitchell v. Baldwin, supra.
We think the bill is sufficient in averment, in so far as the demurrer attacks it, to justify the relief prayed.
It becomes necessary, therefore, for us to reverse the decree of the circuit court; and render one overruling the demurrer and remanding the cause to that court, and it is so ordered.
Reversed, rendered, and remanded. .
ANDERSON, C. J., and GARDNER and BOUDDIN, JJ., concur.