(134 So. 635)

**BECKER ROOFING CO. v. FARMERS' & MERCHANTS' BANK OF PIEDMONT et al.**

7 Div. 5.

Supreme Court of Alabama.
March 19, 1931.

Rehearing Denied May 28, 1931.

Chas. F. Douglass, of Anniston, for appellant.

Merrill, Jones & Whiteside, of Anniston, for appellee.

ANDERSON, C. J.

This bill was filed to enforce a materialman's lien upon the land upon which the improvement was made, and to have said lien declared superior to respondents' mortgage, and to, in effect, cancel said mortgage so far as it relates to the homestead for the fact that said mortgage was invalid for the reason therein set forth, and this the complainant had the right, as a lienor, to question. Reid v. Allen, 183 Ala. 582, 62 So. 801.

The validity of the complainant's claim and lien is not seriously questioned; the contention being that it was subsequent and subordinate to respondents' mortgage. While the mortgage is prior to the complainant's lien, it was inoperative as to so much of the land that was the homestead, as there was no valid, separate acknowledgment of the wife. There was an acknowledgment before a notary, but he was an official and stockholder in the bank, and interested, and the acknowledgment was void, and the mortgage was of no validity as to the homestead which could not have been conveyed except by a legal, separate acknowledgment. Hayes v. Southern Home B. & L. Ass'n, 124 Ala. 663, 26 So. 527, 82 Am. St. Rep. 216; Walker v. Baker, 199 Ala. 310, 74 So. 368.

True, it has been held that this point cannot be raised on collateral attack (Monroe v. Arthur, 126 Ala. 362, 28 So. 476, 85 Am. St. Rep. 36), but, as pointed out in said case, the infirmities inhering in the execution of the mortgage can be shown upon direct attack on its validity, by which is intended some proceeding begun and prosecuted for the express purpose of having the conveyance adjudged void and canceled. While the present bill seeks to enforce the complainant's lien, it seeks as an incident thereto the cancellation of the mortgage in so far as it relates to the homestead, and to this extent is a direct attack. See, also, Jenkins v. Jonas Schwab Co., 138 Ala. 664, 35 So. 649.

We have many cases which enforce the equitable doctrine that he who seeks to cancel a mortgage because of its invalidity through a court of equity must do equity by restoring, as a condition precedent, all consideration or value that may have been there-

by acquired! Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Forman v. Thomas, 202 Ala. 291, 80 So. 356; Mitchell v. Baldwin, 154 Ala. 346, 45 So. 715. And this equitable rule applies to the lienor or creditor of the mortgagor. Interstate Trust Co. v. National Stock Yards Nat. Bank, 200 Ala. 424, 76 So. 356.

The case of Frazier v. Frazier, 211 Ala. 176, 100 So. 118, has no bearing on this case. There the court held that the offer of restoration was not necessary, for the reason that there was nothing due under the contract.

■■ Of course, the deed, being subsequent to the complainant's lien, added nothing to the respondent's title as against this complainant, and could not operate to the prejudice of this complainant, and it would have the right to proceed to enforce its rights, regardless of the deed. The appellant has suggested that the private foreclosure should be set aside and the property sold, first the land not a part of the homestead and then the homestead, and the proceeds of the sale be marshaled. This no doubt could be done but for the fact that the agreed statement of facts shows that it would be a useless and expensive performance, as all of the property is worth less than the mortgage debt. Courts should not be called upon to do vain and useless things.

There is no contention or insistence that the enhanced value of the house by virtue of the improvement be subjected to the lien, and, if there was, there is no proof as to this fact.

The decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.