154 So. 906

## HAMMOCK et al. v. OAKLEY.
### 6 Div. 568.

Supreme Court of Alabama.

May 17, 1934.

Pennington & Tweedy, of Jasper, for appellant.

J. C. Shepherd, of Jasper, for appellee.

Brief did not reach the Reporter.

KNIGHT, Justice.

Bill to declare a mortgage void, and a cloud upon the title of complainants; to enjoin the foreclosure of said mortgage, and for general relief.

In order that the conclusion here reached may be fully understood, we will briefly state the facts in the case as disclosed by the

bill, the answer thereto, and agreement of the parties on submission of the cause for final decree.

The appellant W. I. Hammock, in January, 1928, borrowed of appellee $300, and to secure the loan the appellants, husband and wife, executed to appellee a mortgage on certain property, including the homestead of the mortgagors. The property mortgaged belonged to the husband. The land constituting the homestead was of value less than $2,000, and in area less than one hundred and sixty acres. The mortgage was duly recorded in the office of the judge of probate of the county where the land was situated.

In the latter part of the year 1928, the mortgagor, W. I. Hammock, paid the mortgage indebtedness in full to the mortgagee, and the note and mortgage were delivered up to the said W. I. Hammock, but no entry of satisfaction was made upon the record of said mortgage in the office of the judge of probate.

Within a few days after the payment of the mortgage, the said W. I. Hammock again applied to and secured from the said Oakley a new loan of $325. To secure this loan, it was orally agreed between said Hammock and Oakley that the old mortgage and note "would stand for the security of this debt," and at that time Hammock delivered to Oakley the original note and mortgage. This note and mortgage Hammock still retained. The loan was not made to the appellant Eula Hammock, the wife of W. I. Hammock.

Upon the last loan three payments were made as follows: January 11, 1931, $15, at a prior time $105, and in the month of March, 1932, $32.25.

Thereafter, upon default being made in the payment of the last-stated loan, the said Oakley advertised the property for sale under the original mortgage, and, on the day set for said sale, the following agreement was entered into:

"This day set for the foreclosure of mortgage made to J. D. Oakley by W. I. Hammock, and J. C. Shepherd has the paper to foreclose.

"J. D. Oakley and W. I. Hammock came to agreement that W. I. Hammock to raise $50.00 and pay J. D. Oakley and J. C. Shepherd fee to be held against said mortgage for $25.00 and interest over until November 1st, 1932.

"The balance due on said mortgage, including J. C. Shepherd's fee, November 1, 1932, with interest added $285.80.

"Is agreed that J. C. Shepherd hold said mortgage until his fee is paid.

"Given under our hands this November 18, 1931.

"J. D. Oakley
"W. I. Hammock
"J. C. Shepherd.

"Understood when the $50.00 is paid J. D. Oakley this will come off of the $285.80."

It further appears that, at the time the said J. D. Oakley again commenced foreclosure proceedings, a large part of the said indebtedness due him was still unpaid, and was past due.

The complainant W. I. Hammock does not offer in his bill to do equity; nor otherwise, in that regard, submit himself to the jurisdiction of the court, to abide by or to perform any decree the court may make.

The appeal in this case is by both husband and wife, and errors are jointly assigned; therefore, to be efficacious, any error committed by the court in the decree rendered must be common to all parties complaining. We are therefore restricted to a consideration of alleged errors that affect the rights of both appellants. Bank of Cottonwood et al. v. Hood, 227 Ala. 237, 149 So. 676; Stacey v. Taliaferro et al., 224 Ala. 488, 140 So. 748; Cook et al. v. Atkins, 173 Ala. 363, 56 So. 224; Kimbrell v. Rogers, 90 Ala. 339, 7 So. 241.

Whether the wife, who was not a party to the second loan made to her husband by the appellee, would be authorized, under the peculiar circumstances of this case, to file a bill to have the mortgage declared null and void, and to enjoin its attempted foreclosure, we are not called upon to determine. In the assignment of error she has joined her husband, and, if the facts of the case make it inequitable for him to file the bill without offering to do equity—to restore to Oakley the money he obtained upon the supposed lien of the functus officio mortgage—then she would not be entitled to a reversal of the cause in any event. The case must therefore be determined alone upon the equitable right, if any, of W. I. Hammock.

In the absence of any statute on the subject, the rule, well-nigh universal, is that, when a debt secured by a mortgage has been paid, the mortgage becomes functus officio, and it cannot be made to stand as security for a new or different debt between the parties, or reissued to a different creditor. Crampton v. Massie (C. C. A.) 236 F. 900; Bogert v. Bliss, 148 N. Y. 194, 42 N. E. 582,

590

51 Am. St. Rep. 684; Lanphier v. Desmond, 187 Ill. 370, 58 N. E. 343; Bowman v. Manter, 33 N. H. 530, 66 Am. Dec. 743; 27 Cyc. 1434; 1 Jones on Mortgages (6th Ed.) § 944. To the same effect is the rule of our decisions. Cade v. Floyd, 120 Ala. 484, 24 So. 944; Abbett v. Page, 92 Ala. 571, 9 So. 332.

Section 9026 of the Code provides: "The payment of the mortgage debt, whether the mortgage is of real or personal property, divests the title passing by the mortgage."

 Ordinarily, a mortgagor in possession, having fully paid the mortgage debt, is entitled to go into a court of equity, and have the payment established, and the mortgage delivered up and canceled, as a cloud upon his title. We have so held in this state (Kelly v. Martin, 107 Ala. 479, 18 So. 132; Wood v. Estes, 224 Ala. 140, 139 So. 331), but such holding was made in cases where no equitable doctrine barred the mortgagor from the assertion of such an equitable right.

In this case, the complainant W. I. Hammock admits he obtained from the respondent, Oakley, $325 upon the supposed security of the mortgage, which he now asks this court to declare void, and to cancel upon the record as a cloud on his title. He makes no offer of returning to Oakley the money he obtained upon the strength of that supposed security.

One of the fundamental maxims of equity jurisprudence is: "He who seeks equity must do equity." This maxim expresses a cardinal principle, and is of extensive application. This maxim of equity, and we may say, of morality, requires that any person seeking the aid of equity shall have accorded, shall offer to accord, or will be compelled to accord, to the other party all the equitable rights to which the other is entitled in respect to the subject-matter. 21 C. J. 172.

This court has steadfastly adhered to, and enforced, the equitable doctrine that he who seeks to cancel a mortgage because of its invalidity through a court of equity must do equity by restoring, as a condition precedent, all consideration or value that may have been thereby acquired. Sumners v. Jordan, 220 Ala. 402, 125 So. 642; Forman v. Thomas, 202 Ala. 291, 80 So. 356; Mitchell v. Baldwin, 154 Ala. 346, 45 So. 715; Becker Roofing Co. v. Farmers' & Merchants' Bank of Piedmont, 223 Ala. 132, 134 So. 635.

It is not a question of whether the attempt by Hammock to secure the loan by a redelivery of the functus mortgage was efficacious or not, but whether a court of equity will, without restitution having been first made, or offered, actively intervene at the suit of Hammock, the debtor, to cancel the mortgage, and remove it as a cloud upon his title. This a court of equity will not do, unless and until full restitution is first made, or offered.

To grant the complainant Hammock the relief he seeks, in any form, in this case, without requiring restitution, would contravene the plainest terms of the maxim, "He who seeks equity must do equity."

The decree of the court below will be here affirmed.

Affirmed.

GARDNER, THOMAS, and BROWN, JJ., concur.