(89 South. 24)

## POPE v. DICKERSON. (7 Div. 185.)

(Supreme Court of Alabama. April 21, 1921.)

1. **Landlord and tenant** ⬤⟾331(5)—**Complaint alleging breach of cropping contract should describe land to be cultivated.**

Complaint in action for breach of contract for making crop should show by appropriate description what lands were to be cultivated under the contract, but its omission to so do, though pointed out by the demurrer, would not, ordinarily, be of such prejudice as to require the reversal of a judgment for the plaintiff on such grounds.

2. **Landlord and tenant** ⬤⟾94½—**Cropping contract based upon skill of farmer terminated on his death.**

A contract between a skilled farmer and owner of land, whereby the farmer agreed to personally oversee the work of his son and son-in-law, who were unskilled in farming, and to supervise the planting, making, and gathering of crops, was based upon a personal trust in the skill and competency of the farmer, and terminated on his death.

3. **Contracts** ⬤⟾311—**To perform personal acts made on implied condition that party shall be alive.**

Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract, so that death or disability will operate as a discharge.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Action by Mrs. Alice Dickerson, as administratrix, against John Pope, for breach of contract for making a crop. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

A. E. Hawkins and J. A. Johnson, both of Ft. Payne, for appellant.

The court should have sustained the demurrers to the complaint. 14 Ala. App. 529, 71 South. 963. Court erred in permitting the witnesses to give their evidence as to the value of the crop. Section 3960, Code 1907; Jones on Evidence, § 363.

Isbell, Scott & Downer, of Ft. Payne, for appellee.

The count on which the case was submitted was sufficient. 16 Ala. App. 411, 78 South. 421. There was no error in admitting the evidence. 84 South. 394; 1 Ala. App. 599, 56 South. 22.

SOMERVILLE, J. The action is for breach of a contract of hiring made by defendant with plaintiff's intestate in March, 1918, whereby defendant furnished the land, seed, and team, and intestate the labor necessary for planting, making, and gathering the crops, which were to be equally divided between them.

[1] While the rules of precise pleading would require that the complaint show by some appropriate description what lands were to be cultivated under this contract (Farrow Merc. Co. v. Riggins, 14 Ala. App. 529, 71 South. 963), its omission, though pointed out by apt demurrer, would not, ordinarily, be of such prejudice as to require the reversal of a judgment for the plaintiff on that ground.

However, as we understand the terms of the contract, and the undisputed evidence in the case, plaintiff was not entitled to recover as for any breach by defendant.

The contract was made with the intestate alone, upon the understanding that the intestate, who was skilled in farming, should personally oversee the work of his son and son-in-law, as assistant laborers, who were recognized as being unskilled in farming, if not completely ignorant of its requirements;

---

and the intestate expressly bound himself to supervise the cropping, look after the crops, and see that they were made.

[2] The contract was therefore based upon a personal trust in the skill and competency of the intestate as a farmer, and it was fatally breached by his early and complete physical disability by reason of a chronic dropsy, to discharge his obligations under the contract. This disability withdrew him from that personal superintendence of the preparation of the soil and the planting and cultivation of the crops which was necessary for success and mutual profit; and defendant was not bound to endure the hazard, if not the certainty, of failure under conditions against which he had expressly stipulated.

[3] The law is well settled that—

"Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract, so, that death or disability will operate as a discharge." 13 Corp. Jur. 644, § 719.

This contract was unquestionably one of that class, and, being breached by the misfortune of the intestate in this vital particular, defendant was legally justified in canceling and withdrawing from the agreement.

We hold, therefore, that the trial judge was in error in refusing to give for defendant the general affirmative charge as requested.

For that error the judgment will be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.