(96 South. 478)

**HAMER et al. v. DRAKE et al. (8 Div. 523.)**

(Supreme Court of Alabama. May 3, 1923.)

**I. Appeal and error ⬸1040(5)—Sustaining demurrer to cross-bill not error where relief secured under answer.**

In suit to cancel a deed and remove it as a cloud from title, sustaining a demurrer to a cross-bill was not error, where the relief sought by it could have been secured under defendant's answer.

**2. Deeds ⬸19—Grantor held without right to cancel deed based on contract for grantee's personal service.**

Deed conveyed land, with life estate reserved, in consideration of grantee's residing on and managing the land and other lands of grantor during grantor's life, subject to condition that, if grantee ceased to live on the land or during grantor's life refused to see to cultivation of the land "so long as he shall be physically and mentally able to do so," grantor reserved right, by instrument in writing, to revoke the deed for breach of the condition. Grantee lived on the land until his death and performed the services stated until paralyzed about six months before his death. *Held*, that

an instrument executed by grantor after grantee's death revoking and canceling the deed was of no legal effect, as grantee performed his part of the contract until physically and mentally unable to do so.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Bill of Elvie Drake and others against Sarah V. Hamer and others. From a decree for complainants, respondents appeal. Affirmed.

Spragins & Speake, of Huntsville, for appellants.

The deed from Parmelia Hamer to Drake did not limit the time for the execution of an instrument of revocation, and it is no objection to such instrument that it was executed after Drake's death. 18 C. J. 252, 254, 425, 443.

White & Watts, and R. E. Smith, all of Huntsville, for appellees.

Contracts of personal service are discharged by death of party in course of performance. Herran v. Harris Cortner & Co., 201 Ala. 577, 78 South. 921; Pope v. Dickerson, 205 Ala. 594, 89 South. 24; Mendenhall v. Davis, 52 Wash. 169, 100 Pac. 336, 21 L. R. A. (N. S.) 914, 17 Ann. Cas. 179; 13 C. J. 644; 6 R. C. L. 1009.

MILLER, J. This is a bill in equity filed by Elvie Drake and others, complainants below and appellees here, against Sarah V. Hamer and others, respondents below and appellants here, to cancel a deed and other instruments, and to remove them as a cloud from the title of complainants to real estate described in the complaint.

The respondents filed answer in the nature of a cross-bill. Demurrers of complainants to the cross-bill were sustained by the court's decree dated December 24, 1921. The answer and cross-bill were amended; demurrers of complainants to the amended cross-bill were sustained by decree of the court on February 7, 1922. The original bill of complaint was amended May 5, 1922, and on September 29, 1922, the respondents answering the bill as amended adopted their answer and cross-bill as amended and filed by them to the original bill, and they denied the averments of the amended bill in so far as their original answer as amended did not answer the amended bill.

William W. Drake, deceased, and Sarah V. Hamer, were brother and sister, respectively, of Parmelia C. Hamer, deceased. The complainants are all the heirs of William W. Drake who died intestate on February 26, 1917.

Parmelia C. Hamer, on November 13, 1908, executed, acknowledged, and delivered to William W. Drake a deed conveying to him

---

270 acres of land—reserving and retaining a life estate during her life in the land by the deed. The consideration stated in the granting clause of the deed was:

"For and in consideration of the promises and understanding of my brother, William W. Drake, to continue to reside upon the tract of land hereinafter described and to manage and see to the cultivation of said tract of land, and other lands I may own in Madison county, Alabama, during my lifetime, and to render me assistance in attending to my business affairs generally."

The habendum clause of the deed follows:

"To have and to hold the above-described tracts or parcels of land unto the said William W. Drake, and unto his heirs and assigns forever, subject, however, to a life estate in and to the above-described tracts or parcels of land hereby expressly reserved and retained in myself, it being the purpose of this deed of conveyance to vest in said William W. Drake the remainder interest in said land after the expiration of the life estate therein, hereby reserved and retained."

The following condition appears after the habendum clause:

"This deed of conveyance is made subject to the condition that if the said William W. Drake shall during my lifetime cease to live and make his home upon the tract of land hereinbefore described, or shall during my lifetime fail or refuse to see to the cultivation of said land, and other land in Madison county belonging to me, or otherwise to assist me in looking after my business so long as he shall be physically and mentally able to do so, then in either of such events I hereby reserve the right by instrument in writing, to be recorded in the office of the judge of probate of said Madison county, to revoke and cancel this deed of conveyance and to revest in myself the remainder interest in said tract or parcel of land hereby conveyed to said William W. Drake."

Parmelia C. Hamer on April 27, 1917, set out the foregoing deed in an instrument, and declared in writing that William W. Drake "wholly failed and refused to comply with and carry out the promises of the deed"; and that she did "hereby revoke and cancel the said deed of conveyance * * * and do hereby revest in myself the remainder interest in the lands so conveyed to my said brother, William W. Drake." This instrument was duly signed and acknowledged by her, and was recorded.

Three days thereafter, April 30, 1917, Parmelia C. Hamer, for love and affection, executed and acknowledged a deed conveying the entire title to this 270 acres of land in fee to her sister Sarah V. Hamer, which deed was also recorded.

Parmelia C. Hamer on January 18, 1919, executed, acknowledged, and had recorded another written instrument in which she sets out the instrument dated April 27, 1917, revoking and canceling the deed to her broth-

er William W. Drake. In this instrument she declares:

She "was induced to make such instrument by my sister, Jennie V. Hamer [who is called Sarah V. Hamer], she having unduly urged me to do so; and, whereas, certain statements made therein are incorrect and I desire to hereby correct the same so that justice may be done my dead brother, the said William W. Drake, and his children and heirs at law: Now therefore, this is to certify that the said William W. Drake did live up to and perform each and every one of his obligations as assumed to be performed by him in the deed referred to in the above-described instrument; and this further certifies that he looked after my affairs and attended to the rental of my land and the cultivation thereof, and did and performed each and every obligation undertaken to be performed by him up until the time of his death; and I further certify that I had no right to attempt to revoke the conveyance made to him by me on the 13th day of November, 1908, and recorded in Deed Book 97, page 475, in the office of the probate judge of Madison county, Alabama, and that I did not desire to revoke the same, then nor now, but was by the undue influence of my sister urged into doing it, and that it was not my voluntary act."

On June 24, 1920, Parmelia C. Hamer, for recited consideration of $10 cash, bargained, sold and conveyed by deed the 270 acres of land to the complainants, which deed was duly acknowledged by her, delivered to complainants, and recorded on June 25, 1920.

The complainants by the bill as amended aver that William W. Drake fully performed his agreement under the deed as long as he was physically and mentally able to do so, and that they, his heirs, own the land described therein in fee simple. Parmelia C. Hamer was living when the bill was filed, and died in June, 1921.

The complainants seek to have the instrument dated April 27, 1917, revoking and annulling the deed to William W. Drake, declared void and canceled, and the deed of Parmelia C. Hamer to Sarah V. Hamer, dated April 30, 1917, declared void, unauthorized, and ineffectual to convey the title to the land; and, further, that these instruments be canceled as clouds on the complainants' title to this 270 acres of land; that they, complainants, be decreed by this court, under the deed to William W. Drake, and the instruments executed by Mrs. Parmelia C. Hamer on January 18, 1919, and June 24, 1920, to be the owners of the 270 acres of land.

The respondents filed answer in the nature of a cross-bill, admitting that William W. Drake lived on this land until his death, after the execution of the deed of November 13, 1908, but denied that he complied with his agreement in the conveyance with the grantor, Parmelia C. Hamer, in any other respect. The answer avers that the deed revoking the conveyance to Drake was made in strict accordance with the instru-

ment, and without any improper influence from the respondents; and that the deed was made on April 30, 1917, by Parmelia C. Hamer to Sarah V. Hamer voluntarily, without any improper influence being brought to bear on her; that the instrument dated January 18, 1919, was not voluntarily executed by the grantor, Parmelia Hamer; that it was signed by her without any knowledge of its contents and under fear and compulsion from the complainants in this cause, particularly Oscar L. Drake and his wife. The respondents aver the deed dated June 24, 1920, conveying the land to complainants, was not signed voluntarily by Parmelia C. Hamer, but that she executed it under fear and compulsion from complainants in this cause, particularly Oscar L. Drake and his wife. The cross-bill seeks to have sustained as valid the instrument dated April 27, 1917, annulling the deed of November 13, 1908, to Drake; that the deed of November 13, 1908, be declared forfeited and void, and the deed of April 30, 1917, conveying the land to respondent Sarah V. Hamer, be held valid; that decree be rendered declaring that Sarah V. Hamer owns the 270 acres of land; and, further, that the deed conveying the land to complainants, dated June 24, 1920, be held for naught and canceled as a cloud on the title of Sarah V. Hamer to the land.

[1] The court sustained demurrers to the cross-bill as such, as amended. In this action of the court there was no error. The relief sought by it could be secured by the respondents under their answer if the evidence and the construction of the contract deed from Parmelia C. Hamer to Drake did not sustain the averments of the complainants in the bill as amended. Thereafter the cause was submitted for final decree, and on October 31, 1922, the court by decree granted the complainants the relief prayed for in the bill as amended, and taxed the respondents with the costs of the suit. This appeal is prosecuted by the respondents from that decree.

[2] The deed to William W. Drake, dated November 13, 1908, was an executed contract on the part of the grantor, Parmelia C. Hamer, as soon as it was signed, acknowledged, and delivered to the grantee, Drake. As to Drake, the grantee, it was then an executory contract. This contract deed contained this condition, on the construction of which under the evidence the rights of the parties to this land depends:

"That if the said William W. Drake, shall during my lifetime, cease to live and make his home upon the tract of land hereinbefore described, or shall during my lifetime, fail or refuse to see to the cultivation of said land, and other land in Madison county, belonging to me, or otherwise to assist me in looking after my business, so long as he shall be physically and mentally able to do so, then in either of such events, I hereby reserve the right, by instru-

ment in writing, to be recorded in the office of the judge of probate of said Madison county, to revoke and cancel this deed of conveyance and to revest in myself, the remainder interest in said tract or parcel of land hereby conveyed to the said William W. Drake."

Drake under the evidence and admissions of the parties lived on this land as he agreed to do by accepting the deed to it, from the time of the execution of the deed until his death on February 26, 1917. It is also without dispute that Drake was physically and mentally unable to attend to any business of any kind for six or eight months before his death—during which time he was paralyzed. The court below held, and the weight of the evidence clearly indicates that Drake from November 13, 1908, until he became paralyzed in 1916, complied with his part of the deed contract in looking after the cultivation of the lands of the grantor, Parmelia C. Hamer, in Madison county, and assisted her in looking after her business as the contract required, and to her satisfaction. True, there is some evidence to the contrary, but we are convinced from the evidence after the execution of the deed Drake performed his part of the contract with satisfaction to his sister, and, as the contract contemplated, until he became by disease physically and mentally unable to do so.

The instrument attempting to declare the contract deed forfeited and breached, and all other instruments executed by Parmelia C. Hamer in regard to this land, were signed by her after her brother's death, and when she was over 70 years of age and infirm. The contract called for personal services and supervision by William W. Drake in regard to the land and business interests of Parmelia C. Hamer. These personal services and supervision could not be rendered by him after his death, and the contract did not and could not bind him or his estate for performance after his death. The contract contemplated, and its intent and implied purpose was, that Drake should render these personal services during his sister's life if he survived her, or "so long as he shall be physically and mentally able to do so."

In 13 Corpus Juris, p. 644, § 719, is the following:

"Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract, so that death or disability will operate as a discharge."

This principle was approved in Pope v. Dickerson, 205 Ala. 594, 89 South. 24. See, also, Herren v. Harris, etc., Co., 201 Ala. 577, 78 South. 921, 6 R. C. L. 1009, § 372.

William W. Drake for eight years performed his part of the contract, and continued to do so until his death, so long as he was physically and mentally able. This was all the contract required of him, and his

heirs should not be deprived of the fruit of his services rendered under the contract with his sister. The condition of the contract was not breached or broken by him, but was performed according to its intent and purpose. The right of the grantor, Parmelia C. Hamer, to revoke and cancel it never existed. The written instrument dated April 27, 1917, and recorded and marked "Exhibit B" to the bill, by which she attempted to cancel, has no legal effect, is a nullity, and should be canceled on the records.

This contract deed of November 13, 1908, reserved in Parmelia C. Hamer a life interest in the 270 acres of land. By this instrument the title to this land was vested in William W. Drake, subject to the life estate in Parmelia C. Hamer, the grantor, and Drake's title was subject to be divested in the manner provided by the condition therein. William W. Drake died in 1917, and Parmelia C. Hamer, the grantor and life tenant, died in 1921. Upon his death, intestate, the title to the land descended to his heirs, the complainants, unincumbered by any condition subject only to the life estate of the grantor. Parmelia C. Hamer is now dead, and the complainants, heirs of William W. Drake, deceased, own in fee simple the 270 acres of land, the subject-matter of this suit. The deed of Parmelia C. Hamer to Sarah V. Hamer, dated April 30, 1917, conveying to her this 270 acres of land, has no legal efficacy, conveys no interest in the land, is a cloud on the title of complainants to the land, and the decree of the court canceling it was correct.

The record is free from error, and the decree of the court is in all respects affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.