## FRAZIER v. FRAZIER et al.   (2 Div. 817.)

(Supreme Court of Alabama.   April 24, 1924.)

1. **Limitation of actions �kö> 100(3)—Suit to set aside deed for fraud held not barred.**

Where bill, averring that complainant had no knowledge of delivery and record of deed, sought to be set aside for fraud in delivery, receipt and recordation, until after grantee's death, was filed within year thereafter, suit was not barred by Code 1907, § 4852.

2. **Homestead ⊜>150(1)—Bill held not to aver facts bringing it within statute as to exemption in lieu of homestead.**

Bill averring facts entitling widow, and expressing her desire, to have land set apart as homestead exempt from administration with title vested in her absolutely under Code 1907, § 4198, held not within section 4197 as to exemption in lieu of homestead.

⊜—For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Homestead ⊛⊐150(I)—Persons held necessary parties to widow's suit to have land set apart to her as homestead.**

Heirs or next of kin of deceased husband are proper and necessary parties to widow's suit to have land set apart to her, absolutely, in fee simple, as homestead, under Code 1907, § 4198.

**4. Homestead ⊛⊐150(I)—Widow's bill to set apart homestead held sufficient to show that she and son were deceased's only heirs.**

In widow's suit to set apart homestead, averments that deceased left widow, no minor children, and one son, and that he died intestate, leaving complainant and one son surviving him, held sufficient on demurrer to show that they were his only heirs.

**5. Homestead ⊛⊐150(I)—That parties to widow's suit to set apart homestead were all of deceased's heirs and next of kin held sufficiently averred.**

In widow's suit to set apart homestead, bill averring that grantee died intestate, leaving widow and children named, "who are his next of kin and heirs at law," stated with sufficient certainty under demurrer that such persons, who were parties to cause, were all the heirs and all the next of kin of deceased.

**6. Quieting title ⊛⊐7(2)—Conditions enabling one to sue to remove recorded deed as cloud on title stated.**

Under Code 1907, §§ 5443, 5444, widow in actual or constructive possession of land under claim of ownership denied by persons reputed to claim under recorded deed from her and deceased husband may sue in equity to remove it as cloud on title.

**7. Quieting title ⊛⊐27 — Court of equity has original jurisdiction to cancel recorded conveyances as cloud on title.**

Court of equity has original jurisdiction to cancel conveyances of record, which are cloud on title to realty, and relieve against conveyances of realty obtained by fraud.

**8. Quieting title ⊛⊐7(2)—Deed delivered to grantee before death of both grantors in violation of agreement held cloud on title.**

Deed delivered to grantee after death of one grantor in violation of agreement that escrow holder should deliver it after death of both grantors, if grantee complied with agreement, held removable in equity as cloud on title.

**9. Equity ⊛⊐148(4)—Bill seeking alternative or inconsistent relief as to same property not multifarious.**

Bill seeking alternative or inconsistent relief as to same property between same parties is not multifarious under Code 1907, § 3095.

**10. Equity ⊛⊐150(I)—Bill to rescind contract, remove deed as cloud on title, and set apart homestead held not multifarious because all parties not interested in all matters in controversy.**

Bill to rescind contract, executed by complainant and her deceased husband, reciting conveyance of realty in consideration of services to be rendered by grantee, to have deed executed by them pursuant thereto removed as cloud on title, and, to set apart land as homestead, held not multifarious, because deceased's and grantee's widows and heirs, all of whom were properly made parties, were not all interested in all matters of controversy; each being interested in some matters involved in single controversy as to title to and ownership of land.

**11. Contracts ⊛⊐311—Contract to render personal services in consideration of conveyance held terminated by and subject to cancellation on grantee's death.**

Contract reciting conveyance of realty by deed placed in escrow for delivery to grantee at grantors' deaths, if grantee's agreement to move in house with them and take charge of premises and stock were complied with, held terminated by, and subject to cancellation on, grantee's death before that of surviving grantor, as calling for personal services incapable of performance by his personal representatives or heirs.

**12. Cancellation of instruments ⊛⊐37(4)—Bill to cancel contract held not demurrable for failure to offer to place defendants in statu quo.**

Widow's bill to cancel contract, as terminated by death of one agreeing to render personal services to complainant and her deceased husband in consideration of delivery of deed to him at their deaths held not demurrable for failure to offer to place grantee's widow and heirs, against whom suit was brought in statu quo; nothing being due them from complainant under contract and any equity being presentable by their answer.

**13. Appeal and error ⊛⊐1175(7) — Decree overruling demurrers improperly sustained below will be entered by Supreme Court.**

Where demurrers to bill were improperly sustained, decree overruling them will be entered by Supreme Court.

Appeal from Circuit Court, Perry County; S. F. Hobbs, Judge.

Bill in equity by Cassie Frazier against Lula Frazier and others, for rescission of a contract, etc. From a decree sustaining demurrer to the bill, complainant appeals. Reversed, rendered, and remanded.

R. B. Evins, of Birmingham, and A. W. Stewart, of Marion, for appellant.

Where the object of the bill is single, it is not multifarious, although it joins separate persons having distinct interests. Kennedy's Heirs v. Kennedy's Heirs, 2 Ala. 609; Whitman v. Abernathy, 33 Ala. 154; Stone v. Knickerbocker L. I. Co., 52 Ala. 589; Cox v. Johnson, 80 Ala. 22; Lyon v. Dees, 101 Ala. 700, 14 South. 564; Truss v. Miller, 116 Ala. 494, 22 South. 863. A court of equity has jurisdiction to remove a cloud on title caused by an escrow being put upon record through accident, mistake, or fraud. 16 Cyc. 584; 21 C. J. 893; Waddell v. Lanier, 62 Ala. 347;

Ray's v. Womble, 56 Ala. 32. The contract terminated upon the death of J. M. Frazier. 3 Elliott, Cont. 222.

Clifton C. Johnston, of Marion, for appellees.

The bill is multifarious. Code 1907, § 3095; Ford v. Borders, 200 Ala. 70, 75 South. 398; Webb v. Butler, 192 Ala. 287, 68 South. 369, Ann. Cas. 1916D, 815; Manegold v. Beavan, 189 Ala. 241, 66 South. 448; Hitt Lbr. Co. v. Cullman Prop. Co., 189 Ala. 13, 66 South. 720; McDaniel v. Turnipseed, 165 Ala. 189, 51 South. 757; Henry v. Tenn. Live Stock Co., 164 Ala. 376, 50 South. 1029. The death of J. M. Frazier would not of itself render the contract impossible of performance. 18 C. J. 370; 13 C. J. 642; 24 C. J. 53. It was the duty of complainant to offer to do equity. 9 C. J. 1241; 21 C. J. 172.

MILLER J. This is a bill in equity·by Cassie Frazier against Lula Frazier, Emma Yeager, Sadie Horn, Sudie Fisher, and Sidney Frazier, seeking to have a contract rescinded, which was made by complainant and her husband, now deceased, with J. M. Frazier, now deceased, which involves 120 acres of land; it also seeks to have a deed executed by complainant and her husband, John Frazier, deceased, to J. M. Frazier, conveying this 120 acres of land to him, which is recorded, surrendered, and removed as a cloud on the title to this land of complainant; and, further, to have this 120 acres of land set apart to her as exempt from administration, as homestead, and to have the title to it vested in her absolutely, as it was all the land owned by her husband in this state at the time of his death, and did not exceed in value $2,000, and she is his widow, and he left at his death no minor child or children. The bill of complaint was . amended several times; as last amended demurrers of some of the defendants to it were sustained by the court. The complainant appeals from that decree, and assigns it as error.

On August 24, 1908, the complainant and her husband, John Frazier, entered into a written contract with J. M. Frazier, which contains the following covenants and stipulations:

"That John and Cassie Frazier of the first part has this day deeded their home and land to said J. M. Frazier, said to contain one hundred and twenty acres, upon the following conditions, that said J. M. Frazier agrees to move in the house with said John and Cassie Frazier, and take charge of the land and premises, also stock and provide feed for the same, with the understanding that said John and Cassie Frazier have the right to use the horse and buggy at their pleasure. Said J. M. Frazier agrees to furnish the wood, water and the necessary provisions and clothing and pay all doctors bills and burial expenses, for the said John and Cassie Frazier, and at their death said J. M. Frazier is to have all the personal property owned by John and Cassie Frazier. Now it is the understanding that if the said J. M. Frazier fails to comply with this agreement, then it is understood that the deed given him shall be null and void. Said deed is to [be] placed in the hands of J. B. Morland to hold, and if the said J. M. Frazier complies with the agreement at the death of the said John and Cassie Frazier said J. B. Morland is to turn over to the said J. M. Frazier the deed to the land deeded to him by John and Cassie Frazier."

John Frazier died intestate in April, 1912, leaving no minor child or children, and this was all the land owned by him at the time in this state; it did not exceed in·area 160 acres, nor in value $2,000. He was a resident citizen of the state, residing on this land as his homestead at the time of his death.

The bill alleges the deed conveying the land to J. M. Frazier was executed by complainant and her husband and delivered to J. B. Morland to be held in escrow by him under the terms of the contract, and Morland in violation of his duty delivered the deed to J. M. Frazier on January 7, 1914, after the death of John Frazier, and it was recorded in the probate office of Perry county, Ala., the county in which the land is located.

[1] J. M. Frazier died on March 18, 1920. The complainant avers "she had no knowledge of the delivery and record of the deed until after the death of J. M. Frazier." This bill was filed on February 19, 1921. The complainant in one aspect of the bill is seeking relief on the ground of fraud in the delivery, receiving, and recordation of the deed. It was commenced within a year after the discovery by complainant, the aggrieved party, of the facts constituting the fraud; and it is not barred by statute, under the facts averred in the bill. Section 4852, Code 1907.

[2] The facts averred giving complainant the right, and the desire expressed, to have the land set apart as a homestead, title to vest in her absolutely, under section 4198, do not bring the bill within the influence of section 4197, Code of 1907. Beck v. Karr, 209 Ala. 199, 95 South. 881.

[3, 4] The complainant seeks to have the court judicially determine that this land, 120 acres, was all the real estate owned by the decedent, her husband, in this state at the time of his death, and that it was not greater in value than $2,000, and to have it set apart to her, absolutely, in fee simple, as a homestead. The heirs or next of kin of John Frazier, deceased (her husband) are proper necessary parties to such inquiry. They are interested in the result of the proceeding to determine that issue; they should all be parties to this cause. Section 4198, Code 1907; Flomerfelt v. Siglin, 155 Ala. 633, 47 South. 106, 130 Am. St. Rep. 67. The complainant is his widow, and Sidney Frazier, a defendant, is his son. Is this son

the only heir of John Frazier? The bill as amended alleged that John Frazier left "a widow and no minor children," and "one son, Sidney Frazier." It also avers, "John Frazier died intestate, leaving this complainant, his widow, and one son, Sidney Frazier, surviving him." These averments are sufficient under demurrer to show they are the only heirs of John Frazier, deceased. Howison v. Oakley, 118 Ala. 215, 245, headnote 20, 23 South. 810.

[5] The bill avers that J. M. Frazier died intestate on March 18, 1920, "leaving surviving him a widow, said Lula Frazier, and the following children Mrs. Emma Yearger, Mrs. Sadie Horn, Mrs. Sudie Frazier Fisher, who are his next of kin and heirs at law." These persons are parties to this cause, and this averment states with sufficient certainty under demurrer that they are all the heirs and all the next of kin of J. M. Frazier, deceased. Howison v. Oakley, 118 Ala. 215, 245, headnote 20, 23 South. 810.

[6] The complainant seeks to have this deed, which is of record, removed as a cloud on her title to this land. The complainant is in possession, actual or constructive, of this land, claiming to own it, and her right to it appears to be denied by some of the respondents, and they are reputed to claim it under that deed; this gives complainant the right to bring and maintain this suit in equity to settle the title and clear up all doubts or disputes concerning the same. Sections 5443, 5444, Code of 1907.

[7] A court of equity has original jurisdiction to cancel conveyances which are of record and a cloud on title to real estate and to relieve against conveyances of real estate obtained by fraud. Ray v. Womble, 56 Ala. 37; Waddell v. Lanier, 62 Ala. 347. In 21 C. J. 893, notes 9, 10, 11, we find the following general principle:

"Equity will remove a cloud on the grantor's title caused by an escrow being put on record through accident or mistake or by fraud."

See 16 Cyc. p. 584, notes 49–51, where the same principle is declared.

[8] This deed was executed and placed in the hands of Morland in escrow, to be delivered to J. M. Frazier by him after the death of John Frazier and Cassie Frazier, if J. M. Frazier complied with the agreement. The bill clearly shows the deed was delivered to J. M. Frazier after the death of John Frazier, and during the life of his wife, complainant, which is contrary to the agreement. It was placed on record. It was delivered by Morland to Frazier in violation of the terms of the agreement. It is a cloud on the title to this 120 acres of land. This gives equity to the bill as amended. J. A. Fay v. Ind. L. Co., 178 Ala. 166, 59 South. 470, and authorities supra.

[9, 10] Is the bill multifarious? A bill is not multifarious which seeks alternative or inconsistent relief relating to the same property between the same parties. Section 3095, Code 1907. The bill seeks to have the contract rescinded. The contract relates to a sale of this land by complainant and her husband, now deceased, to J. M. Frazier, also deceased. The bill seeks to have the deed declared a cloud on the title to this 120 acres of land. The deed grows out of the contract. It describes and conveys this land to J. M. Frazier by complainant and her husband. J. M. Frazier died intestate, and there has been no administration of his estate. His widow and heirs are proper parties respondent, and they are interested in the issue presented as to the contract and the deed to this land. The widow and heirs of John Frazier, deceased, are interested in the issue presented for the judicial determination of the homestead rights of the widow in this land. An adjudication of this question is necessary to determine the respective rights, if any, of the widow and heirs, to see whether the widow alone or the widow and heirs of John Frazier, deceased, have the right to maintain this suit against the widow and heirs of J. M. Frazier, deceased. The entire controversy is about the title to this 120 acres of land. The widow and heirs of John Frazier, deceased, and the widow and heirs of J. M. Frazier, deceased, are each separately interested in some of the matters in controversy presented by the bill in regard to the title to this land. They are not all interested in all the matters of controversy in regard to it, but each is interested in some of the matters involved in this controversy over the title and ownership of this land. This court in Truss v. Miller, 116 Ala. 505, 22 South. 866, wrote:

"When, as in the present case, the objection is, that distinct and unconnected matters are joined against several defendants, it is not necessary that all the parties should have an interest in all the matters of controversy; it is sufficient if each defendant has an interest in some of the matters involved and they are connected with the others."

In Stone v. Knickerbocker Life Ins. Co., 52 Ala. 589, 592, we find the following:

"It is a general rule in courts of equity, that a bill is not multifarious which unites several matters distinct in themselves, but which together make up the complainant's equity and are necessary to complete relief."

In Kingsbury v. Flowers, 65 Ala. 479, 483 (39 Am. Rep. 14) Chief Justice Brickell, speaking for the court, approvingly quoted Vice Chancellor Sir John Leach in Salvidge v. Hyde, 5 Madd. 138, as follows:

"If the object of the suit be single, but it happens that different persons have separate interests in distinct questions, which arise out of that single object, it necessarily follows that such different persons must be brought before the court, in order that the suit may conclude the whole subject."

Each party mentioned above has an interest in some of the matters involved in this cause. All the matters involved are connected with and relate to the single object, the title to and ownership of this 120 acres of land, the same property and the only property involved in the cause. Different persons, parties to the cause, "have separate interests in distinct questions, which arise out of that single object," the title to and ownership of this land, and all should be "before the court in order that the suit may conclude the whole subject." The bill is not multifarious. Authorities supra.

The bill describes the land, 120 acres, by government numbers, that was owned by John Frazier on the date of the contract. It sufficiently appears from the averments that this was all the land owned by him in this state at the time of his death, and that the contract was in regard to this land; the deed held in escrow by Morland describes and conveys this same land to J. M. Frazier, and it was occupied as a homestead by complainant and her husband at the time of his death.

[11] Was the contract necessarily terminated, discharged, by the death of J. M. Frazier, before the death of complainant? Was it capable of being performed by his personal representatives or heirs? Was it the intention of the parties that the services should be performed personally by J. M. Frazier? These are vital questions to be considered in determining whether the contract terminated, and whether complainant is justified in contending and claiming the contract was canceled when J. M. Frazier died. In 13 Corpus Juris, p. 644, § 719, the following rule is stated, which was quoted with approval by this court in Pope v. Dickerson, 205 Ala. 594, 89 South. 24:

"Contracts to perform personal acts are considered as made on the implied condition that the party shall be alive and shall be capable of performing the contract, so that death or disability will operate as a discharge."

This principle is thus stated in 3 Elliott on Contracts, p. 222, section 2040:

"There is said to be a legal presumption that the parties to a contract bind not only themselves, but their personal representatives. Where, however, the contract shows that it was the intention of the parties that the service should be performed by the contractor in person, then the contract will terminate with the death of the contractor."

The first condition to the conveyance of the land to J. M. Frazier, mentioned in the contract, was "that said J. M. Frazier agrees to move in the house with said John and Cassie Frazier and take charge of their land and premises, also stock." The contract contemplates a close personal relationship between the parties, they were all to reside together in the same house, on the same premises, until the death of John and Cassie Frazier. This called for the personal presence of and the protection of them in the person of J. M. Frazier in the home during the life of each, which was to be his at their death, if he performed his part of the agreement. He was to take charge of their land and premises in person. Under the very nature of the contract it is evident the parties contracted on the basis that it was to be performed in person by J. M. Frazier, and they contracted on the continued existence of the person of J. M. Frazier during the lives of John and Cassie Frazier.

The contract was based on personal acts to be performed by J. M. Frazier; it was breached by his death, and the deed in escrow was not to be delivered to him until the contract was fully performed by him. The nature of the contract is of that personal character which justifies complainant in seeking, and the court—if the facts alleged are true—in granting its cancellation on account of the death of the contractor, J. M. Frazier. Pope v. Dickerson, 205 Ala. 594, 89 South. 24; Mooney v. Mooney, 208 Ala. 287, 94 South. 131; Russell v. Carver, 208 Ala. 219, 94 South. 128, and authorities supra.

[12] The appellees insist, if the contract was terminated by death of J. M. Frazier, then the bill is demurrable because it fails to offer to do equity. It fails to offer to place the widow and heirs of J. M. Frazier, deceased, in statu quo under the contract. There is nothing due these defendants by complainant under the contract apparent on the face of the facts alleged in the bill as amended; hence an offer to do equity is unnecessary, and if they have an equity it can be presented by their answer.

[13] The court by decree sustained the demurrers to the bill as last amended; they should have been overruled. A decree overruling these demurrers to the bill as last amended will be entered here, and the cause remanded.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.